IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENORA KYLES, individually and on behalf of all other similarly situated individuals,<br><br>      Plaintiff,<br><br>  v.<br><br>CERNER CORPORATION,<br>a Delaware corporation,<br><br>      Defendant. | Case No. 1:21-cv-05069 |

## NOTICE OF REMOVAL

Defendant Cerner Corporation ("Cerner") hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has subject-matter jurisdiction under 28 U.S.C. 1332(a) because there is complete diversity between Plaintiff and Defendant and the amount in controversy exceeds $75,000. This Court also has subject-matter jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b).

**I.**  **Overview of Complaint.**

Plaintiff alleges that Cerner offers software, services, and hardware to medical providers throughout the country that requires users to scan their fingerprints in a manner that violates the Illinois Biometric Information Privacy Act ("BIPA"). *See, e.g.*, Complaint ¶¶ 2, 11, 14-23 (included in Exhibit 1 attached hereto). Plaintiff alleges that she worked as a nurse at Shirley Ryan AbilityLab ("Shirley Ryan") until September 2018, was required to register her fingerprint with Cerner to access its medication-dispensing device, RxStation, and was required to provide scans of her fingerprint to Cerner each time she needed to access RxStation. *Id.* ¶¶ 24-25. She

asserts one cause of action on behalf of herself and a putative class. *See* Complaint. Plaintiff's cause of action alleges violations of BIPA. *See id*. ¶¶ 39-49.

Plaintiff defines the putative class as follows:

> All individuals whose biometrics were captured, collected, stored, or otherwise used by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period.

*Id*. ¶ 31. Plaintiff seeks as relief, among other things, "statutory damages of $5,000 for each willful and/or reckless violation of BIPA[.]" *Id.* Complaint Prayer for Relief, subparagraph (d).

**II.     This Court has subject-matter jurisdiction over this case.**

This Court has subject-matter jurisdiction for two reasons.

First, this Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between the parties as residents of different states. Plaintiff is a resident and citizen of Illinois. *See* Complaint ¶ 10. Cerner is a Delaware corporation and maintains its principal place of business in Missouri. 28 U.S.C. § 1332(c)(1)) (deeming a corporation a citizen of both the state "where it has its principal place of business" and its state of incorporation).

To demonstrate the amount in controversy for removal purposes, Cerner must only put forth a "good faith estimate that is plausible and adequately supported by the evidence," such as "by calculation from the complaint's allegations." *Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). The Complaint alleges damages of "$5,000 for *each* intentional and/or reckless violation of BIPA." Complaint Prayer For Relief, subparagraph (d).[1] No Court has yet

---

[1] $5,000 is the correct number to use for purposes of determining the amount in controversy, not the alternative $1,000-per-employee request for negligence. *See, e.g.*, *Geschke v. Air Force Ass'nw*, 425 F.3d 337, 342 (7th Cir. 2005) (amount in controversy satisfied because, on the face of the complaint, it was not "legally impossible at the outset" for the plaintiff to recover in excess of the jurisdictional minimum).

addressed exactly what constitutes "each violation" of BIPA. The Complaint does not explicitly allege how many times Plaintiff scanned her finger on RxStation. Yet Plaintiff alleges that she worked for Shirley Ryan until 2018, and that she was required to provide scans of her fingerprint to Defendant each time she needed to access RxStation. Complaint ¶ 25. Plaintiff further alleges that "[e]ach instance Plaintiff and the other Class members were required to scan their fingerprints, Defendant captured, collected, stored, and/or otherwise obtained Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and thus, in violation of BIPA." *Id*. ¶ 44. If the Court were to adopt Plaintiff's reasoning above and hold that each scan of a finger was a new violation of BIPA, Plaintiff would need to scan her finger just 15 times on the RxStation in order to meet the $75,000 threshold (15 x $5,000). It is plausible that Plaintiff scanned her finger 15 times or more.

<u>Second</u>, this Court also has subject-matter jurisdiction under CAFA because this is a purported class action in which minimal diversity exists, and the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions) and 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"). Plaintiff alleges there are "at least one hundred members of the class" who are all "similarly situated individuals" in the state of Illinois. Complaint ¶¶ 31, 33. For the same reasons given above regarding the Plaintiff, minimal diversity exists because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

Additionally, Plaintiff alleges that the class members are required to scan their fingers "each time they need to access the [RxStation] cabinet," and that "[e]ach instance Plaintiff and

3

the other Class members were required to scan their fingerprints" was a violation of BIPA. Complaint ¶¶ 19, 44. The alleged damages request of "$5,000 for each intentional and/or reckless violation of BIPA" applies to each class member's claims. Complaint Prayer For Relief, subparagraph (d). Based on the allegations in the Complaint, if every class member scanned their finger only ten times on RxStation, then the damages amount would reach the minimum threshold (100 x $5,000 x 10). Although the Complaint does not explicitly allege the number of times each class member used RxStation, it is certainly plausible that each RxStation user scanned her finger at least 10 times, and thus plausible that the amount in controversy for the purported class exceeds $5 million based on a per-scan basis, as discussed above.

**III.     The procedural requirements for removal have been satisfied.**

This notice is timely. Cerner was served with the Complaint on August 27, 2021. Exhibit 1. Thirty days from service is Sunday, September 26, 2021, making the deadline for removal Monday, September 27, 2021. *See* 28 U.S.C. § 1446(b); F.R.C.P. 6(a)(1)(C).

Cerner is today filing this notice with the Circuit Court of Cook County, along with a copy of the Notice of Filing of Notice of Removal attached hereto as Exhibit 2. Cerner is also today serving those filings on counsel for Plaintiff. 28 U.S.C. § 1446(d).

Dated: September 24, 2021					Respectfully submitted,

							CERNER CORPORATION

							By: */s/ Matthew C. Wolfe*
							       One of Its Attorneys

							Matthew C. Wolfe
							Erin Bolan Hines
							SHOOK, HARDY & BACON L.L.P.
							111 South Wacker Drive, Suite 4700
							Chicago, IL 60606
							Tel: (312) 704-7700
							mwolfe@shb.com
							ehines@shb.com

							Kateland R. Jackson
							SHOOK, HARDY & BACON L.L.P.
							1800 K. Street, N.W., Suite 1000
							Washington, D.C. 20006
							Tel: (202) 783-8400
							krjackson@shb.com

							***Attorneys for Defendant Cerner Corporation***

## CERTIFICATE OF SERVICE

I, Matthew C. Wolfe, an attorney, hereby certify that on **September 24, 2021**, I caused a true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel of record in *Jenora Kyles v. Cerner Corporation*, Case No. 2021CH04025, in the Circuit Court of Cook County, addressed as follows:

>Jordan R. Frysinger
>Timothy P. Kingsbury
>MCGUIRE LAW, P.C.
>55 West Wacker Drive, 9th Floor
>Chicago, IL  60601
>(312) 893-7002
>jfrysinger@mcgpc.com
>tkingsbury@mcgpc.com
>
>***Attorneys for Plaintiff Jenora Kyles***

                                      */s/ Matthew C. Wolfe*

4846-6955-6220