# EXHIBIT 1

 **CT Corporation**

**Service of Process Transmittal**
08/27/2021
CT Log Number 540153060

**TO:** Lischen Reeves
Cerner Corporation
2800 ROCK CREEK PKWY
KANSAS CITY, MO 64117-2521

**RE:** **Process Served in Illinois**

**FOR:** Cerner Corporation  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JENORA KYLES, individually and on behalf of all similarly situated individuals, Pltf. vs. CERNER CORPORATION, etc., Dft. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified Case # 2021CH04025 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/27/2021 at 12:46 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/27/2021, Expected Purge Date: 09/01/2021 |
| | Image SOP |
| | Email Notification,  Sara Meinhard  sara.meinhard@cerner.com |
| | Email Notification,  Lischen Reeves  lischen.reeves@cerner.com |
| | Email Notification,  Jennifer Varon  jen.varon@cerner.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System 208 South LaSalle Street Suite 814 Chicago, IL 60604 866-331-2303 CentralTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**          Fri, Aug 27, 2021

**Server Name:**   Sheriff Drop

| Entity Served | CERNER CORPORATION |
|---|---|
| Case Number | 2021CH04025 |
| Jurisdiction | IL |



Hearing: 12/14/2021 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
   Cook County, IL

| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | (06/28/18) CCG 0001 |

FILED
8/24/2021 11:01 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04025

14550660

FILED DATE: 8/24/2021 11:01 AM  2021CH04025

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JENORA KYLES, indiv. and on behalf of a class,

(Name all parties)

v.

CERNER CORPORATION

Case No.    2021-CH-04025

CERNER CORPORATION
c/o CT CORPORATION SYSTEM
208 S. LaSalle St., Suite 814
Chicago, IL 60604

### ☑ SUMMONS    ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

8/24/2021 11:01 AM IRIS Y. MARTINEZ

Witness: _____

Atty. No.: 56618

Atty Name: Jordan Frysinger

Atty. for: Plaintiff

Address: 55 West Wacker Drive, 9th Fl.

City: Chicago    State: IL

Zip: 60601

Telephone: 312-893-7002

Primary Email: jfrysinger@mcgpc.com

Secondary Email: tkingsbury@mcgpc.com

Tertiary Email: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois    cookcountyclerkofcourt.org**

 Wolters Kluwer

**SOP Intake** Portal

# *Job Submission*

**Date:** Wed, Aug 25, 2021

**Time:** 2:22 PM

**Name:** Larry Biela

**Juris Served:** IL

**Job #:** 98746

The following information was submitted by you electronically via our portal.

Please reference this job number when you arrive at our office to complete service.
We will email you confirmation of receipt of service following your office visit.
***NOTE: You do not need to bring the physical documents when you come in to the office.***

| Entity Served | Agent Name | Case No. | File Name |
|---|---|---|---|
| CERNER CORPORATION | C T CORPORATION SYSTEM | 2021 CH 04025 | 2021 CH 04025 CERNER CORPORATION SUMMONS & COMPLAINT.pdf |

Case: 1:21-cv-05069 Document #: 1-1 Filed: 09/24/21 Page 6 of 32 PageID #:12

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **Summons - Alias Summons** | (06/28/18) CCG 0001 |

FILED
8/24/2021 11:01 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04025

14550660

FILED DATE: 8/24/2021 11:01 AM   2021CH04025

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JENORA KYLES, indiv. and on behalf of a class,

(Name all parties)

v.

CERNER CORPORATION

Case No. 2021-CH-04025

CERNER CORPORATION
c/o CT CORPORATION SYSTEM
208 S. LaSalle St., Suite 814
Chicago, IL 60604

## ☑ SUMMONS   ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.**

8/24/2021 11:01 AM IRIS Y. MARTINEZ

Witness: _____

Atty. No.: 56618

Atty Name: Jordan Frysinger

Atty. for: Plaintiff

Address: 55 West Wacker Drive, 9th Fl.

City: Chicago          State: IL

Zip: 60601

Telephone: 312-893-7002

Primary Email: jfrysinger@mcgpc.com

Secondary Email: tkingsbury@mcgpc.com

Tertiary Email: _____

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois   cookcountyclerkofcourt.org**

FILED DATE: 8/24/2021 11:01 AM   2021CH04025

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

○ Richard J Daley Center
50 W Washington
Chicago, IL 60602

○ District 2 - Skokie
5600 Old Orchard Rd
Skokie, IL 60077

○ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

○ District 4 - Maywood
1500 Maybrook Ave
Maywood, IL 60153

○ District 5 - Bridgeview
10220 S 76th Ave
Bridgeview, IL 60455

○ District 6 - Markham
16501 S Kedzie Pkwy
Markham, IL 60428

○ Domestic Violence Court
555 W Harrison
Chicago, IL 60607

○ Juvenile Center Building
2245 W Ogden Ave, Rm 13
Chicago, IL 60602

○ Criminal Court Building
2650 S California Ave, Rm 526
Chicago, IL 60608

### Daley Center Divisions/Departments

○ Civil Division
Richard J Daley Center
50 W Washington, Rm 601
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

◉ Chancery Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Domestic Relations Division
Richard J Daley Center
50 W Washington, Rm 802
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Civil Appeals
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Criminal Department
Richard J Daley Center
50 W Washington, Rm 1006
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ County Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Probate Division
Richard J Daley Center
50 W Washington, Rm 1202
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Law Division
Richard J Daley Center
50 W Washington, Rm 801
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

○ Traffic Division
Richard J Daley Center
50 W Washington, Lower Level
Chicago, IL 60602
Hours:  8:30 am - 4:30 pm

**12-Person Jury**

Hearing Date: 12/14/2021 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
    Cook County, IL

FILED
8/13/2021 6:51 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04025

14436841

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED DATE: 8/13/2021 6:51 PM   2021CH04025

| | |
|---|---|
| JENORA KYLES, individually and on behalf of all similarly situated individuals, )<br><br>    *Plaintiff,* )<br><br>      v. )<br><br>CERNER CORPORATION, a Delaware corporation, )<br><br>    *Defendant.* ) | No. **2021CH04025**<br><br>Hon.<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT WITH JURY DEMAND**

Plaintiff Jenora Kyles ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this Class Action Complaint against Defendant Cerner Corporation ("Defendant" or "Cerner"), for its violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by its conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

**INTRODUCTION**

1.    BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints, facial geometry, and retinal scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2.    This case concerns the misuse of individuals' biometrics by Defendant, a global supplier of health information technology services, software, and hardware. Using biometric

enabled technology, Defendant is capturing, collecting, storing, disseminating, or otherwise using the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, to verify their identity.

3.    BIPA provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they first:

> (1) inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;

> (2) inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;

> (3) receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; and

> (4) publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

4.    Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements, which have been law in Illinois since 2008, bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

5.    Defendant's biometrically enabled technology works by extracting biometric scans from individuals, such as scans of their fingerprints, and subsequently using the same for identity verification purposes. Defendant's system includes the collection and storage of client information, including biometrics, on Cerner's own servers or hosted environments.

2

6.     The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5(c). The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

7.     The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8.     Plaintiff brings this action for statutory damages and other remedies as a result of Defendant's conduct in violating Plaintiff's state biometric privacy rights.

9.     On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

10.     At all relevant times, Plaintiff Jenora Kyles has been a resident and citizen of the state of Illinois.

11.     Defendant is a global supplier of health information technology software, services, and hardware, organized under the laws of Delaware, that conducts substantial business throughout Illinois, including in Cook County, Illinois, and is registered with and authorized by the Illinois Secretary of State to transact business in the state of Illinois.

FILED DATE: 8/13/2021 6:51 PM   2021CH04025

FILED DATE: 8/13/2021 6:51 PM    2021CH04025

## JURISDICTION AND VENUE

12.     This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States, because Defendant is doing business within this State, provided its biometric technology to clients and/or customers in this State with the knowledge that such technology would be used in this State, and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured, collected, stored, and used Plaintiff's biometric identifiers and/or biometric information in this State.

13.     Venue is proper in Cook County, Illinois pursuant to 735 ILCS 5/2-101, because Defendant is doing business in Cook County, Illinois and thus resides there under § 2-102.

## FACTUAL ALLEGATIONS

14.     Defendant Cerner is a global supplier of health information technology and conducts business throughout the state of Illinois. Cerner offers software, services, and hardware to medical providers throughout the country.

15.     Defendant's products are equipped with biometrically enabled technology for identity verification.

16.     One of Defendant's products, the RxStation, is an automated medication dispensing cabinet.

17.     Users of the RxStation are required to scan their fingerprint to gain access to the cabinet.

18.     Prior to using the RxStation, medical workers, such as nurses, must register their fingerprint with Defendant to link the cabinet to the individuals' biometric identifier.

19.     After registration, users are required to scan their fingerprint into the RxStation each time they need to access the cabinet.

20.     The RxStation, along with many Cerner products, are connected to Cerner's network and servers. Thus, by obtaining users' biometrics through the RxStation, Defendant collects, captures, and transmits biometric data to be stored and maintained in Cerner servers.

21.     However, Defendant fails to inform users that its biometrically enabled products are collecting, capturing, storing, and/or using their unique biometrics, nor are they informing users the extent of the purposes for which their biometrics are being collected, captured, stored, and/or used.

22.     Defendant also fails to seek or obtain written consent to collect biometrics prior to doing so.

23.     In addition, biometrics are a necessary element of Defendant's biometric authentication services; therefore, Defendant has profited directly from Plaintiff's and Class members' biometrics.

**Facts Specific to Plaintiff**

24.     Until September 2018, Plaintiff worked as a nurse at Shirley Ryan AbilityLab (formerly known as Rehabilitation Institute of Chicago) in Chicago, IL.

25.     During Plaintiff's employment at Shirley Ryan, she was required to register her fingerprint with Defendant to access Defendant's RxStation. After registration, Plaintiff was required to provide scans of her fingerprint to Defendant each time she needed to access the RxStation.

FILED DATE: 8/13/2021 6:51 PM 2021CH04025

FILED DATE: 8/13/2021 6:51 PM   2021CH04025

26.     Defendant knew, or should have known, that distributing its products in Illinois would result in its collection of Illinois citizens' biometric data, and thus subject it to the requirements of BIPA.

27.     After collecting Plaintiff's biometrics, Defendant transmitted information derived from the scanning of Plaintiff's biometric identifier, *i.e.* biometric information, to Defendant's own servers. However, Defendant never sought or obtained Plaintiff's consent to do so.

28.     Prior to taking Plaintiff's biometrics, Defendant did not inform Plaintiff in writing that Plaintiff's biometrics were being captured, collected, stored, and/or used.

29.     Defendant also failed to make publicly available any written policy addressing their biometric retention and destruction schedules.

30.     By failing to comply with BIPA, Defendant has violated Plaintiff's substantive state rights to biometric privacy.

## CLASS ALLEGATIONS

31.     Plaintiff brings this action individually and on behalf of all similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, or otherwise used by or on behalf of Defendant within the state of Illinois at any time within the applicable limitations period.

32.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officers or directors.

33.     Upon information and belief, there are at least one hundred members of the Class, making the members of the Class so numerous that joinder of all members is impracticable.

Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendant's personnel records.

34. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's BIPA violations.

35. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

a. Whether Defendant's conduct violates BIPA;

b. Whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

c. Whether Defendant obtained a written release from Plaintiff or the Class members before capturing, collecting, or otherwise obtaining their biometrics;

d. Whether Defendant provided a written disclosure to Plaintiff or the Class members that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics;

e. Whether Defendant profited from a Plaintiff's or the Class members' biometrics;

f. Whether Defendant's violations of the BIPA are willful or reckless; and

7

FILED DATE: 8/13/2021 6:51 PM    2021CH04025

g.    Whether Plaintiff and the Class are entitled to damages and injunctive relief.

36.    Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

37.    Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

38.    Defendant has acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I
### Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, (On behalf of Plaintiff and the Class)

39.    Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40.    Defendant is a private entity under BIPA.

41.    BIPA requires private entities, such as Defendant, to obtain informed written consent from individuals before acquiring their biometric identifiers or biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless

8

FILED DATE: 8/13/2021 6:51 PM    2021CH04025

[the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

42.  BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information make publicly available a written biometric retention and destruction policy.

43.  Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints, or information derived therefrom, i.e. "biometric information," collected, captured, stored and/or otherwise obtained by Defendant.

44.  Each instance Plaintiff and the other Class members were required to scan their fingerprints, Defendant captured, collected, stored, and/or otherwise obtained Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

45.  Defendant's practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

      a.  Defendant failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

      b.  Defendant failed to inform Plaintiff and Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

FILED DATE: 8/13/2021 6:51 PM   2021CH04025

c.     Defendant failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d.     Defendant failed to obtain a written release, as required by 740 ILCS 14/15(b)(3);

e.     Defendant failed to make publicly available a written biometric retention and destruction schedule, as required by 740 ILCS 14/15(a); and

f.     Defendant failed to obtain consent to disclose or disseminate Plaintiff's and the Class' biometrics, as required by 740 ILCS 14/15(d)(1).

46.     By providing biometric authentication service/technology for which biometrics are a necessary element, Defendant directly profited from Plaintiff's and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c).

47.     BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

48.     Defendant's violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant negligently failed to comply with BIPA.

49.     Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

FILED DATE: 8/13/2021 6:51 PM 2021CH04025

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b. Declaring that Defendant's actions, as set forth herein, violate BIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with BIPA;

d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e. Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.


Dated: August 13, 2021          Respectfully submitted,

JENORA KYLES, individually and on behalf of a class of similarly situated individuals

By:     /s/ Jordan R. Frysinger
             *One of Plaintiff's Attorneys*

11

FILED DATE: 8/13/2021 6:51 PM   2021CH04025

Jordan R. Frysinger
Timothy P. Kingsbury
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
jfrysinger@mcgpc.com
tkingsbury@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

Hearing Date: 12/14/2021 10:00 AM - 10:00 AM
Courtroom Number: 2410
Location: District 1 Court
    Cook County, IL

FILED
8/24/2021 11:01 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH04025

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION**

14550660

| | |
|---|---|
| JENORA KYLES, individually and on behalf of similarly situated individuals, | ) ) ) |
| *Plaintiff,* | ) )  No. 2021-CH-04025 ) |
| v. | ) ) |
| CERNER CORPORATION, a Delaware corporation, | ) ) ) |
| *Defendant.* | ) ) |

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff Jenora Kyles, by and through her undersigned counsel, pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42–43 (citing *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896–97 (7th Cir. 2011)). In support of her Motion, Plaintiff submits the following Memorandum of Law.

Dated: August 24, 2021            Respectfully Submitted,

                                     JENORA KYLES, individually and on behalf of a Class of similarly situated individuals

                                     By: /s/ Jordan R. Frysinger
                                     *One of Plaintiff's Attorneys*

FILED DATE: 8/24/2021 11:01 AM   2021CH04025

Jordan R. Frysinger
Timothy P. Kingsbury
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
jfrysinger@mcgpc.com
tkingsbury@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

2

FILED DATE: 8/24/2021 11:01 AM   2021CH04025

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
### MOTION FOR CLASS CERTIFICATION OR, ALTERNATIEY, FOR
### A DEFFERED CLASS CERTIFICATION RULING PENDING DISCOVERY

This Court should certify a class of individuals whose biometrics were obtained by Defendant Cerner Corporation ("Defendant" or "Cerner"), in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*. ("BIPA"). Defendant is a global supplier of health information technology, providing its customers with software, services, and hardware. Defendant's products are equipped with biometrically enabled technology that scans users' fingerprints for identity verification. One of Defendant's products, the RxStation, is a medicine cabinet that requires users to scan their fingerprint to gain access. The RxStation, along with other Cerner products, transmits users' biometric data to be stored and maintained in Cerner servers. Defendant has violated BIPA because it failed to obtain proper consent prior to collecting, capturing, storing, and using users', such as Plaintiff's and the other class members', fingerprints. After Plaintiff learned of Defendant's wrongful conduct, she brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's collection of Illinois residents' fingerprints in violation of BIPA, and to obtain redress for all persons injured by their conduct.

## I.   INTRODUCTION: BIPA

The Illinois Biometric Information Protection Act is designed to protect individuals' biometrics. "Biometrics" refers to a "biology-based set[s] of measurements." *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1094 (N.D. Ill. 2017). Specifically, "biometrics" are "a set of measurements of a specified physical component (eye, finger, voice, hand, face)." *Id.* at 1296. Under BIPA, biometric identifiers include handprints, fingerprints and facial geometry; while biometric information can be defined as any information based on a biometric identifier, regardless of how it is captured, converted, stored, or shared. (Complaint, "Compl.," ¶ 1.)

3

In recognition of the importance of the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that private entities, such as Defendant, may not obtain and/or possess an individual's biometrics unless they: (1) inform that person in writing that biometric identifiers or information will be captured, collected, stored, or used; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers or biometric information is being captured, collected, stored, and used; (3) receive a written release from the person for the collection of his or her biometric identifiers and/or information; and (4) publish publicly and make available a written retention schedule and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b). In addition, BIPA also prohibits private companies from selling, leasing, trading, or otherwise profiting from a person's or a customer's biometric identifier or biometric information. 740 ILCS 14/15(c). And lastly BIPA prohibits the "disclos[ure], redisclos[ure], or other[] disseminat[ion]" of biometrics without consent, unless the "disclosure or redisclosure completes a financial transaction" that is requested or authorized by the individual, is required by law, or is required in order to comply with a valid warrant or subpoena. 740 ILCS 14/15(d).

## II.     FACTUAL BACKGROUND

### A.     The Underlying Misconduct.

Defendant is a global supplier of health of health information technology and conducts business throughout the state of Illinois. (Compl., ¶ 14.) Defendant's products are equipped with biometrically enabled technology for identity verification. (*Id.* at ¶ 15.) One of Defendant's products, the RxStation, is an automated medication dispensing cabinet which requires users to scan their fingerprint to gain access. (*Id.* at ¶¶ 16, 17.) Users of the RxStation must register their fingerprint with Defendant to link the cabinet to the individuals' biometric identifier. (*Id.* at ¶ 18.)

FILED DATE: 8/24/2021 11:01 AM   2021CH04025

After registration, users are required to scan their fingerprint into the RxStation each time they need to access the cabinet. (*Id.* at ¶ 19.) The RxStation, along with other Cerner products, are connected to Cerner's network and servers. (*Id.* at ¶ 20.) Thus, through its products, Cerner collects, captures, and transmits biometric data to be stored and maintained in Cerner servers. (*Id.* at ¶ 20.)

Until September 2018, Plaintiff worked as a nurse at Shirley Ryan AbilityLab (formerly known as Rehabilitation Institute of Chicago) in Chicago, IL. (*Id.* at ¶ 24.) During her employment at Shirley Ryan, Plaintiff was required to register her fingerprint with Defendant to access Defendant's RxStation. (*Id.* at ¶ 25.) Plaintiff was then required to provide scans of her fingerprint to Defendant each time she needed to access the RxStation. (*Id.* at ¶ 25.) After collecting Plaintiff's biometrics, Defendant transmitted information derived from the scanning of Plaintiff's biometric identifier, *i.e.* biometric information, to Defendant's own servers. (*Id.* at ¶ 27.) However, prior to collecting, capturing, storing, and/or using Plaintiff's and class members' biometrics, Defendant never obtained Plaintiff's and class members' consent to do so as required by BIPA. (*Id.* at ¶ 27.) Further, Defendant did not inform Plaintiff or other members of the class in writing that their biometrics were being collected, captured, stored, and/or used. (*Id.* at ¶ 28.) Defendant also failed to make publicly available any written policy addressing their biometric retention and destruction schedules. (*Id.* at ¶ 29.) As a result, Defendant has violated BIPA and therefore Plaintiff's and class members' substantive state rights to biometric privacy. (*Id.* at ¶ 30.)

## B. The Proposed Class

Plaintiff brings this action on behalf of herself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> **Class**: All individuals whose biometrics were captured, collected, stored, or otherwise used by or on behalf of Defendant within the state of Illinois at any time

FILED DATE: 8/24/2021 11:01 AM 2021CH04025

within the applicable limitations period.

(Compl., ¶ 31.) As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

## III.   **ARGUMENT**

### A.   **Standards for Class Certification**

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)   The class is so numerous that joinder of all members is impracticable.
> (2)   There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)   The representative parties will fairly and adequately protect the interest of the class.

FILED DATE: 8/24/2021 11:01 AM 2021CH04025

(4)     The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (Ill. 2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation.") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

**B.     The Numerosity Requirement is Satisfied**

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing]

FILED DATE: 8/24/2021 11:01 AM 2021CH04025

such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 224 Ill. App. 3d 195, 200 (1st Dist. 1991) (citing *Steinberg v. Chicago Med. Sch.*, 69 Ill.2d 320, 337 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members but, must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are at least one hundred members of the Class. (Compl., ¶ 33.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling).

Additionally, the members of the putative Class can be easily and objectively determined from Defendant's records as Cerner collects, captures, stores, and uses the biometrics of users of its products. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, because each individual member's claim is relatively small. *See Gordon*, 224 Ill. App. 3d at 200. Accordingly, the first prerequisite for class certification is met.

## C. Common Questions of Law and Fact Predominate

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the

8

FILED DATE: 8/24/2021 11:01 AM 2021CH04025

members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.*, 87 Ill.2d 7, 19 (Ill. 1981); *Steinberg*, 69 Ill.2d at 342. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 129 Ill. App. 3d 405, 408 (1st Dist. 1984). These common questions include: whether Defendant's conduct violates BIPA; whether Defendant made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics; whether Defendant obtained a written release from Plaintiff or the Class members before capturing, collecting, or otherwise obtaining their biometrics; whether Defendant provided a written disclosure to Plaintiff or the Class members that explains the specific purposes, and the length of time, for which biometrics were being collected, stored and used before taking such biometrics; whether Defendant profited from Plaintiff's or the Class members' biometrics; whether Defendant's violations of the BIPA are willful or reckless; and whether Plaintiff and the Class are entitled to damages and injunctive relief. (Compl., ¶ 35.)

As alleged, and as will be shown through obtainable evidence, during the relevant time period Defendant engaged in a common course of conduct by collecting, capturing, storing, and using Class members' biometric identifiers (fingerprints) or biometric information without obtaining the proper consent required by BIPA. Given that BIPA requires a record of consent to engage in such conduct, whether Defendant had valid consent is also a common issue subject to common resolution. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual issues, and Plaintiff has satisfied this hurdle to certification.

### D. Adequate Representation

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and

9

FILED DATE: 8/24/2021 11:01 AM 2021CH04025

adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 87 Ill.2d at 14; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 214 Ill. App. 3d 995, 1000 (1st Dist. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 175 Ill. App. 3d 1069, 1078 (1st Dist. 1988).

In this case, Plaintiff has the exact same interest as the members of the proposed Class. Plaintiff has alleged that, like the other members of the Class, her fingerprint biometric identifiers or biometric information were obtained by Defendant through its biometrically enabled products. (Compl., ¶¶ 25-27.) Plaintiff's pursuit of this matter against Defendant demonstrates that she will be a zealous advocate for the Class. Further, proposed class counsel has regularly engaged in major complex and class action litigation in state and federal courts and have been appointed as class counsel in several complex consumer class actions. Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E. Fair and Efficient Adjudication of the Controversy

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 224 Ill. App. 3d at 203. In

10

practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 224 Ill. App. 3d at 204; *Purcell & Wardrope Chtd.*, 175 Ill. App. 3d at 1079 ("The predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278, at *6. This is especially true in cases involving data privacy violations and data breaches, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient.

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with BIPA, to ensure that the Class members' privacy rights in their biometrics are sufficiently protected, and to compensate those individuals who have had their statutorily-protected privacy rights violated. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to comply with the statute. Thus, proceeding

11

as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.    CONCLUSION

For the foregoing reasons, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: August 24, 2021                    Respectfully submitted,

JENORA KYLES, individually and on behalf of a
class of similarly situated individuals

By: /s/ Jordan R. Frysinger
*One of Plaintiff's Attorneys*

Jordan R. Frysinger
Timothy P. Kingsbury
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
jfrysinger@mcgpc.com
tkingsbury@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

12

FILED DATE: 8/24/2021 11:01 AM   2021CH04025

## **CERTIFICATE OF FILING**

The undersigned, an attorney, hereby certifies that on August 24, 2021, a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was filed electronically with the Clerk of Court using the e-filing system.

/s/ Timothy P. Kingsbury

13