IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENORA KYLES, individually and on behalf of all other similarly situated individuals, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 1:21-cv-05069<br>) |
| CERNER CORPORATION, a Delaware corporation, | )<br>)<br>)<br>) |
| Defendant. | ) |

**<u>DEFENDANT CERNER CORPORATION'S MOTION TO STAY</u>**

Defendant Cerner Corporation ("Cerner") hereby moves this Court to stay all proceedings in this lawsuit pending decisions by (i) the Illinois Appellate Court for the First Judicial District in *Mosby v. Ingalls Memorial Hospital*, No. 1-20-0822 ("*Mosby*"), (ii) the Seventh Circuit Court of Appeals in *Cothron v. White Castle System, Inc.*, No 20-3202 ("*Cothron*"), (iii) the Illinois Supreme Court in *Tims v. Black Horse Carriers*, *Inc.*, No. 1-20-0562 ("*Tims*") (Petition for Leave to Appeal filed Oct. 22, 2021), and (iv) the Illinois Appellate Court for the Third Judicial District in *Marion v. Ring Container Techs., LLC*, No. 3-20-0184 ("*Marion*").[1]

A stay of this case is proper pending resolution of the appeals in *Mosby*, *Cothron*, *Tims*, and *Marion*. The appeals in those cases address issues that are fundamental to this case: the application of the BIPA healthcare exclusion and the correct statute of limitations for BIPA claims. The outcomes of these appeals could result in dismissal of Plaintiff's claims. At a

---

[1] The *Mosby*, *Cothron*, and *Marion* Orders granting leave to appeal are attached as Exhibits A, B, and C, respectively. The *Tims* Petition for Leave to Appeal is attached as Exhibit D.

minimum, they will dramatically shape this lawsuit by controlling the size of the putative class. As several other courts in this District and courts in very similar cases have recognized, the most prudent course for this Court would be to stay this BIPA case in its entirety pending the resolution of these appeals. *See, e.g., Webster v. Windsor Estates Nursing & Rehab Ctr., LLC*, No. 2019-CH-11441 (Cook Cnty. Cir. Ct. Aug. 23, 2021) ("*Windsor* Order," Ex. E) (stayed pending *Mosby*); *Hirmer v. Elite Medical Transp., LLC*, No. 2020-CH-04069 (Cook Cnty. Cir. Ct. Aug. 17, 2021) ("*Elite Medical* Order," Ex. F) (same); *Ibarra v. Prospera, LLC, et al.*, No. 20 C 7015 (N.D. Ill. July 19, 2021) ("*Prospera* Order," Ex. G) (stayed pending *Cothron* and *Marion*); *see also Fleury v. Union Pacific Railroad Company*, No. 20 C 390 (N.D. Ill. June 23, 2021) ("*Union Pacific* Order," Ex. H) (same; finding a stay would "facilitate the simplification of the issues in question and reduce the burdens of litigation on the parties," *id.* at 5); *Regan v. Bajco Illinois LLC*, 21-cv-3064, 2021 WL 2025896 (C.D. Ill. May 21, 2021) ("*Regan* Order," Ex. I) (stayed pending *Tims*, *Marion*, and *Cothron*); *Herron v. Gold Standard Baking, Inc.*, 20-cv-7469 (N.D. Ill. Apr. 9, 2021) ("*Herron* Order," Ex. J) (same); *Littleton v. Lydia Healthcare I, LLC*, No. 2019-CH-12142 (Cook Cnty. Cir. Ct. Feb. 4, 2021) ("*Lydia* Order," Ex. K) (stayed pending *Mosby*); *Donets v. Vivid Seats LLC*, No. 1:20-cv-03551 at 4 (N.D. Ill. Dec. 15, 2020) (Valderrama, J.) ("*Donets* Order," Ex. L) (stayed pending *Cothron*, *Marion*, and *Tims*).

Cerner further requests that the Court stay the responsive pleading deadline pending resolution of this Motion. A stay of that deadline is appropriate because, as discussed below, the pending appeals could affect Cerner's defenses and the scope of discovery in this case. Cerner therefore respectfully requests a decision on its request for a stay before this litigation goes further.

## FACTUAL BACKGROUND

Plaintiff Jenora Kyles ("Plaintiff") First Amended Complaint ("Complaint") alleges violations of the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1 *et seq.*, relating to Plaintiff's use of RxStation devices while working as a nurse at Shirley Ryan AbilityLab (formerly known as Rehabilitation Institute of Chicago) ("Shirley Ryan") in Chicago, Illinois.[2] (Compl. at ¶ 24.) Plaintiff alleges that during her employment at Shirley Ryan, she was required to register her fingerprint with Cerner to access the RxStation. (*Id.* at ¶ 25.) After registration, Plaintiff alleges that she was required to provide scans of her fingerprint to Cerner each time she needed to access the RxStation. (*Id.*)

Plaintiff further alleges that through her use of the RxStation, Cerner collected, captured, stored, or obtained her "biometric identifiers" and "biometric information" without valid consent and without complying with the requirements of BIPA. (*Id.* at ¶¶ 43-44.) Plaintiff claims each alleged BIPA violation also applies to other nurses as a purported class of individuals who also use the RxStation. (*Id.* at ¶ 31.)

To conserve the parties' and the Court's time, effort, and resources, Cerner respectfully requests a stay based on pending appeals that will shape the law regarding the applicable exclusions under BIPA and the appropriate statute of limitations for BIPA claims, either of which could potentially end this case outright. The appeals are summarized next.

***Mosby.*** On January 27, 2021, the Illinois Supreme Court entered a supervisory order directing the Illinois Appellate Court for the First Judicial District to answer the following certified question:

---

[2] Cerner denies the allegations in Plaintiff's Complaint, including that it ever collected, captured, stored, used, or disseminated "biometric information" or "biometric identifiers" as those terms are defined by BIPA.

> Whether the exclusion in Section 10 of BIPA for "information collected, used, or stored for health care treatment, payment, or operations under the federal Health Insurance Portability and Accountability Act of 1996" applies to biometric information of health care workers (as opposed to patients) collected, used or stored for health care treatment, payment or operations under HIPAA?

*See* Ex. A. On April 26, 2021, in accordance with the Supreme Court's supervisory order, the First Judicial District vacated the earlier order denying the petition for leave to appeal, and instead allowed leave to appeal. Briefing is underway in the *Mosby* appeal and is expected to be completed by November 8, 2021.

**Cothron.** On November 9, 2020, the Seventh Circuit Court of Appeals granted a petition in *Cothron* brought pursuant to 28 U.S.C. § 1292(b) to address the following crucial issue:

> Whether a private entity violates Sections 15(b) or 15(d) of [BIPA] only when it is alleged to have first collected or to have first disclosed ['biometric data'] of an individual without complying with those Sections, or whether a violation occurs under Sections 15(b) or 15(d) each time that a private entity allegedly collects or discloses the individual's biometric data.

*Cothron v. White Castle Sys., Inc.*, No. 1:19-cv-00382, Defendant White Castle System, Inc.'s Motion to Amend Ruling to Certify Question for Appeal, ECF No. 135, at 1 (N.D. Ill. Aug. 17, 2020); *see also* Ex. B. Oral argument was held on September 14, 2021, and the Court has taken the case under advisement. *Cothron v. White Castle Sys., Inc.*, No. 20-3202, ECF No. 70 (7th Cir. Sept. 14, 2021).

**Tims.** On September 17, 2021, the Illinois Appellate Court for the First Judicial District issued a split decision finding that both one-year and five-year statutes of limitations apply to BIPA claims. *See* Ex. D, App'x 1 (*Tims v. Black Horse Carriers, Inc.*, 2021 IL App (1st) 200563 (Sept. 17, 2021)). On October 22, 2021, the defendant in *Tims* filed a Rule 315(a) Petition for Leave to Appeal for the Illinois Supreme Court to clarify whether the appropriate statute of

limitations for all BIPA claims is the one-year period applicable to privacy violations. *See* Ex. D. The Illinois Supreme Court has discretion to grant the Petition.

*Marion.* On March 19, 2021, the Illinois Appellate Court for the Third Judicial District granted a Rule 308 petition in *Marion* to address whether a one-year, two-year, or five-year statute of limitations applies to BIPA claims. *See* Ex. C. *Marion* is fully briefed, and it is currently stayed pending an appeal in a case before the Illinois Supreme Court that involves workers' compensation preemption, an issue relevant in *Marion* but not relevant here.

## ARGUMENT

This Court, like all district courts, "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). As explained below, the outcomes of the above appeals will be binding on, or at least critically persuasive to, this Court's resolution of key legal issues in this case. The Court therefore should exercise its discretion to stay the case until the issues presented by the above appeals are decided.

### I. BIPA's healthcare exclusion would bar Plaintiff's BIPA claims.

The pending appeal in *Mosby* could end this case. That appeal concerns the correct interpretation of the healthcare exclusion in BIPA Section 10, which excludes "information collected, used, or stored for health care treatment, payment, or operations" under HIPAA from the definition of a "biometric identifier" in BIPA. In this case, Plaintiff alleges that the Cerner RxStation "is an automated medication dispensing cabinet" used by "medical workers, such as

5

nurses" who access the cabinet to dispense medication. (Compl. at ¶¶ 16, 18-19.) Similar technology is at issue in the *Mosby* appeal, which also involves a defendant that, like Cerner here, sells automated medication dispensing cabinets with an optional finger-scan feature. *See* Ex. M (opening brief filed by appellants in *Mosby*).

Just as in *Mosby*, in this case the nurses' finger-scan data allegedly collected, used and/or stored by the RxStation is used for health care treatment and operations under HIPAA and may be specifically excluded from the definition of "biometric identifier" pursuant to Section 10 of BIPA. Simply put, the ruling in *Mosby* will be highly relevant to this case and could end it. Cerner therefore requests that the Court stay all proceedings in this case pending the *Mosby* appeal.

## II. A one- or two-year statute of limitations would bar Plaintiff's BIPA claims.

Even if Plaintiff's BIPA claims are not barred under the healthcare exclusion, they may be time-barred by a one-year or two-year statute of limitations. Plaintiff's case centers on Cerner's alleged failure to obtain Plaintiff's consent before allegedly collecting her biometric data and allegedly disclosing it to third parties. But Plaintiff alleges that "[u]ntil September 2018, [she] worked as a nurse at [Shirley Ryan]" and that Cerner purportedly collected her biometric data during the time of her employment. (Compl. at ¶¶ 24, 26-27.) Plaintiff does not allege violations occurring after 2018, when her employment at Shirley Ryan ended.

Plaintiff filed the initial Complaint in this case in the Circuit Court of Cook County, Illinois on August 13, 2021. (*Id.* at p. 1.) Accordingly, even if the Seventh Circuit holds in *Cothron* that each scan on a time clock constitutes a separate violation, and so a BIPA violation does not accrue upon the first use of the device that allegedly collects biometrics, Plaintiff's final scan on the RxStation in September 2018 occurred significantly more than two years prior to filing the Complaint.

6

The First District Appellate Court of Illinois recently held in *Tims* that the one-year statute of limitations applies to BIPA claims under sections 15(c) (sale of biometrics) and 15(d) (disclosure of biometrics), but a five-year statute of limitations applies to other BIPA claims. *See* Ex. D, App'x 1. However, the Third District could reach a different conclusion in *Marion* than the First District did in *Tims*, and it is likely that either or both cases could reach the Illinois Supreme Court.[3] In either scenario, the Third District or the Illinois Supreme Court may find the one-year limitations period applies to all BIPA claims because the type of injury that BIPA anticipates is a privacy violation.[4] *See* 735 ILCS 5/13-201. Thus, although *Tims* strongly suggests some of Plaintiff's claims are time-barred, it does not conclusively decide the statute-of-limitations issue for all BIPA claims.

A court assessing a motion to stay should consider whether staying the proceedings has the potential to save time, money, and effort for everyone concerned and, if so, weigh such benefits against potential hardships the stay will impose on the opponent. *Landis*, 299 U.S. at 254. Granting a stay is particularly appropriate where doing so will "avoid unnecessary litigation of the same issues." *Munson v. Butler*, 776 F. App'x 339, 342 (7th Cir. 2019). As this Court has already concluded, staying a case in which a defendant could seek dismissal of a plaintiff's BIPA claims on statute-of-limitations grounds pending decisions in *Cothron*, *Tims*,or *Marion* will preserve time and resources the parties would otherwise expend drafting and arguing motions, conducting discovery, and litigating potential discovery disputes, and will also preserve time the Court would devote to resolving those motions and disputes. *See* Ex. H, at 5 (In deciding

---

[3] Cerner respectfully reserves the right to amend or renew its stay request if the Illinois Supreme Court grants the Petition for Leave to Appeal in *Tims*.

[4] Indeed, the Illinois Supreme Court has already decided that BIPA protects privacy interests generally by guarding against the loss of control over private data. *See Rosenbach v. Six Flags Entm't Corp.*, 2019 IL 123186, ¶ 34.

whether a stay should issue pending *Cothron* and *Marion*, "the question the Court is tasked with answering is whether the stay will facilitate the simplification of the issues in question and reduce the burdens of litigation on the parties. Here, the Court answers these questions in the affirmative. The finding that a stay is appropriate here is supported by decisions from several other courts in this district that have considered similar motions.") (collecting cases stayed pending *Cothron* and *Marion*).

This same principle holds true here. As noted above, if either the one-year or the two-year statute of limitations applies to BIPA claims, Plaintiff's claims will be untimely and must be dismissed. In that case, any effort and expense spent on litigating Plaintiff's claims while the appeals are pending would be wasted.

### III. The pending appeals will affect whether class certification is appropriate.

Finally, the outcome of the appeals will also bear heavily on the issue of class certification. The appeals in *Mosby*, *Cothron*, *Tims*, and *Marion* have the potential to vastly impact the size of the class, as their combined outcome could limit or even eliminate the putative class's timely claims. Efforts to conduct adequate class discovery and litigate the issue of class certification make little sense while so many unanswered legal questions are being considered by the Illinois Appellate and Supreme Courts and the Seventh Circuit that will directly impact any class Plaintiff could try to certify. This alone warrants a stay.[5]

### CONCLUSION

For the reasons discussed above, Cerner respectfully requests that the Court enter an order staying all proceedings pending decisions by the Illinois Appellate Court for the First

---

[5] In addition to the federal court stay orders noted in this Motion, numerous Illinois state trial courts have granted stays pending current BIPA appeals, as have the Illinois Appellate Court for the Third District in *Marion* and the Illinois Appellate Court for the Second District in *Balaz v. Wayfair LLC*, 2021 IL App (2nd) 0419 (Sept. 14, 2021).

Judicial District in *Mosby v. Ingalls Memorial Hospital*, No. 1-20-0822; the Seventh Circuit Court of Appeals in *Cothron v. White Castle Sys., Inc.*, No. 20-3202; the Illinois Supreme Court in *Tims v. Black Horse Carriers*, *Inc.*, No. 1-20-0562; and the Illinois Appellate Court for the Third Judicial District in *Marion v. Ring Container Techs., LLC*, No. 3-20-0184.

| | |
|---|---|
| Dated: October 27, 2021 | Respectfully submitted, |
| | CERNER CORPORATION |
| | By: */s/ Matthew C. Wolfe* |
| | One of Its Attorneys |
| | |
| | Matthew C. Wolfe |
| | Erin Bolan Hines |
| | SHOOK, HARDY & BACON L.L.P. |
| | 111 South Wacker Drive, Suite 4700 |
| | Chicago, IL 60606 |
| | Tel: (312) 704-7700 |
| | mwolfe@shb.com |
| | ehines@shb.com |
| | |
| | Kateland R. Jackson |
| | SHOOK, HARDY & BACON L.L.P. |
| | 1800 K. Street, N.W., Suite 1000 |
| | Washington, D.C. 20006 |
| | Tel: (202) 783-8400 |
| | krjackson@shb.com |
| | |
| | ***Attorneys for Defendant Cerner Corporation*** |

## CERTIFICATE OF SERVICE

I, Matthew C. Wolfe, an attorney, hereby certify that on **October 27, 2021**, I caused a true and correct copy of **DEFENDANT CERNER CORPORATION'S MOTION TO STAY** to be filed electronically. Notice of this filing will be sent through the Court's CM/ECF system to the following counsel:

> Jordan R. Frysinger
> Timothy P. Kingsbury
> MCGUIRE LAW, P.C.
> 55 West Wacker Drive, 9th Floor
> Chicago, IL 60601
> (312) 893-7002
> jfrysinger@mcgpc.com
> tkingsbury@mcgpc.com
>
> ***Attorneys for Plaintiff Jenora Kyles***

                    */s/ Matthew C. Wolfe*

4893-9407-8721