# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JENORA KYLES, individually and on behalf of all similarly situated individuals, | )<br>)<br>)<br>) |
| *Plaintiff,* | ) No. 1:21-cv-05069 |
| v. | ) Hon. Jorge L. Alonso |
| CERNER CORPORATION, a Delaware corporation; IMPRIVATA, INC., a Delaware corporation, | ) Magistrate Hon. Susan E. Cox<br>)<br>) |
| *Defendants.* | ) |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Jenora Kyles ("Plaintiff"), individually and on behalf of all similarly situated individuals, brings this First Amended Class Action Complaint against Defendants Cerner Corporation and Imprivata, Inc. (collectively "Defendants") for their violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for persons injured by their conduct. Plaintiff alleges the following based on personal knowledge as to Plaintiff's own experiences, and as to all other matters, upon information and belief, including an investigation conducted by her attorneys.

## INTRODUCTION

1. BIPA defines a "biometric identifier" as any personal feature that is unique to an individual, including handprints, fingerprints, facial geometry, and retinal scans. "Biometric information" is any information based on a biometric identifier, regardless of how it is converted or stored. 740 ILCS § 14/10. Collectively, biometric identifiers and biometric information are known as "biometrics."

2. This case concerns the misuse of individuals' biometrics by Defendant Cerner Corporation ("Cerner"), a global supplier of health information technology services, software, and hardware, and Defendant Imprivata, Inc. ("Imprivata"), a biometric security company. Using biometric enabled technology, Defendants are capturing, collecting, storing, disseminating, or otherwise using the biometrics of Plaintiff and other Class members, without their informed written consent as required by law, to verify their identity.

3. BIPA provides, *inter alia*, that private entities, such as Defendants, may not obtain and/or possess an individual's biometrics unless they first:

> (1) inform the person whose biometrics are to be collected *in writing* that biometric identifiers or biometric information will be collected or stored;
>
> (2) inform the person whose biometrics are to be collected *in writing* of the specific purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used;
>
> (3) receive a *written release* from the person whose biometrics are to be collected, allowing the capture and collection of their biometric identifiers or biometric information; <u>and</u>
>
> (4) publish publicly available retention guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15(a)-(b).

4. Compliance with BIPA is straightforward and may be accomplished through a single, signed sheet of paper. BIPA's requirements, which have been law in Illinois since 2008, bestow a right to privacy in biometrics and a right to make an *informed* decision when electing whether to provide or withhold biometrics.

5. Defendants' biometric-enabled technology works by extracting biometric scans from individuals, such as scans of their fingerprints, and subsequently using the same for identity verification purposes. Defendants' system includes the collection and storage of client information, including biometrics, on Defendants' own servers or hosted environments.

6. The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, even sensitive information like Social Security numbers can be changed. Biometrics, however, are biologically unique to each individual and, once compromised, such individual has no recourse, is at a heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5(c). The risk is compounded when a person's biometrics are also associated with their other personally identifiable information.

7. The deprivation of the statutory rights conferred by BIPA constitutes the actual injuries the Illinois Legislature sought to prevent.

8. Plaintiff brings this action for statutory damages and other remedies as a result of Defendants' conduct in violating Plaintiff's state biometric privacy rights.

9. On Plaintiff's own behalf, and on behalf of the proposed Class defined below, Plaintiff seeks an injunction requiring Defendants to comply with BIPA, as well as an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

**PARTIES**

10. At all relevant times, Plaintiff Jenora Kyles has been a resident and citizen of the state of Illinois.

11. Defendant Cerner Corporation is a global supplier of health information technology software, services, and hardware, organized under the laws of Delaware, that conducts substantial

3

business throughout this District, and is registered with and authorized by the Illinois Secretary of State to transact business in the state of Illinois.

12. Defendant Imprivata, Inc. is a security company that specializes in helping companies manage user access and authentication, organized under the laws of Delaware, that conducts substantial business throughout this District.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendants; and none of the exceptions under subsection § 1332(d) apply.

14. This Court may assert personal jurisdiction over Defendants, because Defendants do business within Illinois and transacts business in Illinois such that they have sufficient minimum contacts with Illinois and/or have purposely availed themselves of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendants, and because Plaintiff's claims arise out of Defendants' in-state actions.

15. Venue is proper in this District because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## FACTUAL ALLEGATIONS

16. Defendant Cerner is a global supplier of health information technology and conducts business throughout the state of Illinois. Cerner offers software, services, and hardware to medical providers throughout the country. Cerner partners with Defendant Imprivata across a

number of Cerner products and integrates Imprivata's biometric technology into the hardware and electronic health record services it provides to its clients.

17. For example, one of Cerner's products, the RxStation, is an automated medication dispensing cabinet with security features integrated with Imprivata's biometrically enabled finger scanning technology.

18. Prior to using the RxStation, medical workers, such as nurses, must register their fingerprint with Defendants' registration laptop and finger scanner to link the cabinet's security features to the individuals' biometric identifier in the form of a finger scan.

19. After registration, users are required to scan their fingerprint each time they need to access the RxStation cabinet.

20. The RxStation as well as the Imprivata biometric technology are connected to Defendants' networks, servers, or other hosted environments. Thus, by obtaining users' biometrics through the Imprivata laptop and RxStation registration process, Defendants collect, capture, and transmit biometric data, in some format, to be stored and maintained in their servers.

21. However, Defendants fail to inform users that their biometrically enabled products are collecting, capturing, storing, and/or using their unique biometrics, nor are they informing users the extent of the purposes for which their biometrics are being collected, captured, stored, and/or used.

22. Defendants also failed to seek or obtain written consent to collect biometrics prior to doing so.

**Facts Specific to Plaintiff**

23. Until September 2018, Plaintiff worked as a nurse at Shirley Ryan AbilityLab (formerly known as Rehabilitation Institute of Chicago) in Chicago, IL.

5

24. During Plaintiff's employment at Shirley Ryan, she was required to register her fingerprint with Defendants' registration laptop to access the RxStation. After registration, Plaintiff was required to provide scans of her fingerprint to Defendants each time she needed to access the RxStation.

25. Defendants knew, or should have known, that distributing their biometric-linked products in Illinois would result in their collection of Illinois citizens' biometric data, and thus subject them to the requirements of BIPA.

26. After collecting Plaintiff's biometrics, Defendants transmitted information derived from the scanning of Plaintiff's biometric identifier, *i.e.* biometric information, to Defendants' own servers or hosted environments. However, Defendants never sought or obtained Plaintiff's consent to do so.

27. Prior to taking Plaintiff's biometrics, Defendants did not inform Plaintiff in writing that Plaintiff's biometrics were being captured, collected, stored, and/or used.

28. Defendants also failed to make publicly available any written policy addressing their biometric retention and destruction schedules.

29. By failing to comply with BIPA, Defendants have violated Plaintiff's substantive state rights to biometric privacy.

**CLASS ALLEGATIONS**

30. Plaintiff brings this action individually and on behalf of all similarly situated individuals pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff seeks to represent a Class defined as follows:

> Class: All individuals whose biometrics were captured, collected, stored, or otherwise used by or on behalf of Defendants within the state of Illinois at any time within the applicable limitations period.

31. Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

32. Upon information and belief, there are at least one hundred members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be easily identified through Defendants' personnel records.

33. Plaintiff's claims are typical of the claims of the members of the Class Plaintiff seeks to represent, because the factual and legal bases of Defendants' liability to Plaintiff and the other members are the same, and because Defendants' conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendants' BIPA violations.

34. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members. Common questions for the Class include, but are not limited to, the following:

    a. Whether Defendants' conduct violates BIPA;

    b. Whether Defendants made available to the public a written policy that establishes a retention schedule and guidelines for destroying biometrics;

    c. Whether Defendants obtained a written release from Plaintiff or the Class members before capturing, collecting, or otherwise obtaining their biometrics;

    d. Whether Defendants provided a written disclosure to Plaintiff or the Class members that explains the specific purposes, and the length of time, for which

biometrics were being collected, stored and used before taking such biometrics;

  e. Whether Defendants' violations of the BIPA are willful or reckless; and

  f. Whether Plaintiff and the Class are entitled to damages and injunctive relief.

35. Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

36. Plaintiff will adequately represent and protect the interests of the members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiff and Plaintiff's counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to those of the other members of the Class.

**37.** Defendants have acted and failed to act on grounds generally applicable to Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

**COUNT I**
**Violations of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq*.,**
**(On behalf of Plaintiff and the Class)**

38. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

39. Defendants are private entities under BIPA.

40. BIPA requires private entities, such as Defendants, to obtain informed written consent from individuals before acquiring their biometric identifiers or biometric information. Specifically, BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being captured, collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ." 740 ILCS 14/15(b).

41. BIPA also requires that a private entity in possession of biometric identifiers and/or biometric information make publicly available a written biometric retention and destruction policy.

42. Plaintiff and the other Class members have had their "biometric identifiers," namely their fingerprints, or information derived therefrom, i.e. "biometric information," collected, captured, stored and/or otherwise obtained by Defendants.

43. Each instance Plaintiff and the other Class members were required to scan their fingerprints, Defendants captured, collected, stored, and/or otherwise obtained Plaintiff's and the other Class members' biometric identifiers or biometric information without valid consent and without complying with and, thus, in violation of BIPA.

44. Defendants' practice with respect to capturing, collecting, storing, and using biometrics fails to comply with applicable BIPA requirements:

    a. Defendants failed to inform Plaintiff and the members of the Class in writing that their biometrics were being collected and stored, prior to such collection or storage, as required by 740 ILCS 14/15(b)(1);

b.  Defendants failed to inform Plaintiff and Class in writing of the specific purpose for which their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

c.  Defendants failed to inform Plaintiff and the Class in writing the specific length of term their biometrics were being captured, collected, stored, and used, as required by 740 ILCS 14/15(b)(2);

d.  Defendants failed to obtain a written release, as required by 740 ILCS 14/15(b)(3); and

e.  Defendants failed to make publicly available a written biometric retention and destruction schedule, as required by 740 ILCS 14/15(a).

45. BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of BIPA and, alternatively, damages of $1,000 for each negligent violation of BIPA. 740 ILCS 14/20(1)-(2).

46. Defendants' violations of BIPA, a statute that has been in effect since 2008, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with BIPA.

47. Accordingly, with respect to Count I, Plaintiff, individually and on behalf of the proposed Class, prays for the relief set forth below.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Class, respectfully requests that this Court enter an Order:

a.  Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

b.  Declaring that Defendants' actions, as set forth herein, violate BIPA;

c.  Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with BIPA;

d.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of BIPA, pursuant to 740 ILCS 14/20(2);

e.  Awarding statutory damages of $1,000 for each negligent violation of BIPA, pursuant to 740 ILCS 14/20(1);

f.  Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

g.  Awarding pre- and post-judgment interest, as allowable by law; and

h.  Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: December 15, 2021

Respectfully submitted,

JENORA KYLES, individually and on behalf of similarly situated individuals

By: /s/ Timothy P. Kingsbury
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Jordan Frysinger
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
jfrysinger@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*