**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JENORA KYLES, individually and on behalf of all other similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:21-cv-05069 |
| v. | ) ) | Hon. Jorge L. Alonso |
| CERNER CORPORATION, a Delaware corporation, and IMPRIVATA, INC., a Delaware corporation, | ) ) ) ) ) | |
| Defendants. | | |

**CERNER CORPORATION'S MOTION TO DISMISS
<u>PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT</u>**

Matthew C. Wolfe
Erin Bolan Hines
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, Suite 4700
Chicago, IL  60606
Tel:  (312) 704-7700
mwolfe@shb.com
ehines@shb.com

Kateland R. Jackson
SHOOK, HARDY & BACON L.L.P.
1800 K Street, N.W., Suite 1000
Washington, D.C.  20006
Tel:  (202) 783-8400
krjackson@shb.com

***Attorneys for Defendant
Cerner Corporation***

## <u>TABLE OF CONTENTS</u>

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

SUMMARY OF ALLEGATIONS ............................................................................................. 2

LEGAL STANDARD................................................................................................................. 3

ARGUMENT .............................................................................................................................. 3

I.      PLAINTIFF FAILS TO PLEAD A CLAIM UNDER BIPA............................................. 3

      A.      Plaintiff fails to state a claim under Section 15(a)................................................ 3

      B.      Plaintiff's claim under Section 15(b) should be dismissed................................... 6

            1.      Plaintiff has not adequately pled Cerner took an active step to collect her biometrics................................................................... 6

            2.      Cerner is not Plaintiff's employer, so Section 15(b)'s notice and consent provisions do not apply............................................ 8

II.     PLAINTIFF'S CLAIMS MUST BE DISMISSED BECAUSE BIPA'S HEALTH CARE EXCLUSION APPLIES. ...................................................................................... 9

III.    PLAINTIFF DOES NOT PLEAD A PLAUSIBLE CLAIM THAT CERNER ACTED RECKLESSLY OR INTENTIONALLY. .......................................................... 13

CONCLUSION...................................................................................................................... 14

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................................3

*Brooks v. Ross*,
  578 F.3d 574 (7th Cir. 2009) ...............................................................................3, 8

*Bryant v. Compass Grp. USA, Inc.*,
  958 F.3d 617 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en
  banc* (June 30, 2020)................................................................................................6

*Cameron v. Polar Tech. Indus., LLC*,
  No. 2019-CH-00013 ..............................................................................................7, 8

*Carpenter v. McDonald's Corp.*,
  __ F. Supp. 3d __, 2022 WL 897149 (N.D. Ill. Jan. 13, 2022).................................4

*Cosmopolitan Nat. Bank v. Cook Cty.*,
  469 N.E.2d 183 (Ill. 1984)......................................................................................12

*Cothron v. White Castle Sys., Inc.*,
  467 F. Supp. 3d 604 (N.D. Ill. 2020) ......................................................................6

*Encino Motorcars, LLC v. Navarro*,
  138 S. Ct. 1134 (2018).............................................................................................11

*Figueroa v. Kronos Inc.*,
  454 F. Supp. 3d 772 (N.D. Ill. 2020) ......................................................................7

*Gutierrez v. Senior Lifestyle Corp.*,
  No. 2017-CH-11314 (Cook Cty. Chancery Div.) .................................................7, 8

*Haage v. Zavala*,
  2021 IL 125918........................................................................................................11

*Heard v. Becton, Dickinson & Co.*,
  440 F. Supp. 3d 960 (N.D. Ill. 2020) ........................................................3, 4, 7, 8

*In re Hernandez*,
  918 F.3d 563 (7th Cir. 2019) ...................................................................................9

*In re Marriage of Goesel*,
  102 N.E.3d 230 (Ill. 2017)........................................................................................9

*Jacobs v. Hanwha Techwin America, Inc.*,
    2021 WL 3172967 (N.D. Ill. July 27, 2021)................................................................6, 7

*Kloss v. Acuant, Inc.*,
    462 F. Supp. 3d 873 (N.D. Ill. 2020) ........................................................................6, 8

*Kyles v. Trumed Systems, Inc.*,
    No. 2021-CH-04026 (Cook Cty. Chancery Div.) ..........................................................1

*McDonald v. Symphony Bronzeville Park, LLC*,
    2022 IL 126511 ..............................................................................................................5

*McGoveran v. Amazon Web Servs., Inc.*,
    488 F. Supp. 3d 714 (S.D. Ill. 2020).............................................................................8

*Mosby v. Ingalls Mem'l Hosp.*,
    2022 IL App (1st) 200822..................................................................................10, 11, 12

*Mosby v. The Ingalls Mem'l Hosp. UCM Cmty. Health & Hosp. Div. Inc.*,
    No. 2018 CH 05031 (Cook Cty. Chancery Div.) ........................................................14

*Namuwonge v. Kronos, Inc.*,
    418 F. Supp. 3d 279 (N.D. Ill. 2019) ............................................................................7

*Navarette v. Josam Acquisitions*,
    No. 2019 CH 14368 (Cook Cty. Chancery Div.) ........................................................14

*Papadakis v. Fitness 19 IL 116, LLC*,
    148 N.E.3d 648 (Ill. App. Ct. 1st Dist. 2018) .............................................................13

*People v. Fieberg*,
    589 N.E.2d 508 (Ill. 1992) ...........................................................................................11

*People v. Hanna*,
    800 N.E.2d 1201 (Ill. 2003) ...........................................................................................9

*Pub. Fin. Corp. v. Davis*,
    360 N.E.2d 765 (Ill. 1976) ...........................................................................................13

*Rivera v. Google Inc.*,
    238 F. Supp. 3d 1088 (N.D. Ill. 2017) ........................................................................13

*Rogers v. CSX Intermodal Terminals, Inc.*,
    409 F. Supp. 3d 612 (N.D. Ill. 2019).....................................................................13, 14

*Rosenbach v. Six Flags Entm't Corp.*
    129 N.E.3d 1197 (Ill. 2019) ................................................................................5, 9, 11

*Shields Enters., Inc. v. First Chicago Corp.*,
    975 F.2d 1290 (7th Cir. 1992) ........................................................................10

*Sylvester v. Indus. Comm'n*,
    756 N.E.2d 822 (Ill. 2001) ............................................................................12

*Thurman v. Northshore Univ. Health Sys.*,
    No. 2018 CH 3544, 2019 WL 7249205 (Cir. Ct. Cook Cty. Dec. 12, 2019) ........................14

*United States v. Woods*,
    571 U.S. 31 (2013)........................................................................................11

*Vance v. Internat'l Bus. Machines Corp.*,
    No. 20 C 577, 2020 WL 5530134 (N.D. Ill. Sept. 15, 2020)..............................6

*Webster v. Windsor Estates Nursing and Rehab*,
    No. 2019 CH 11441 (Cook Cty. Chancery Div.)..............................................14

*West Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.*,
    2021 IL 125978.............................................................................................5

*Ziarko v. Soo Line R. Co.*,
    641 N.E.2d 402 (Ill. 1994).............................................................................13

**Statutes**

735 ILCS 5/2-615 ................................................................................................14

740 ILCS 14/10...................................................................................1, 9, 10, 11

740 ILCS 14/15...................................................................................... *passim*

740 ILCS 14/20.................................................................................................4, 5

Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L.
    104-191, 110 Stta. 1936.........................................................................9, 10, 11

Illinois Biometric Information Privacy Act, 740 ILCS §§ 14/1 *et seq.* .............................................1

Illinois Workers' Compensation Act ("IWCA"), 820 ILCS 305/1 *et seq.* ....................................5

**Rules**

Fed. R. Civ. P. 12(b)(6)......................................................................................2, 14

## INTRODUCTION

Plaintiff, a former nurse at Shirley Ryan AbilityLab ("Shirley Ryan"), used an RxStation sold by Cerner Corporation ("Cerner") in the course of her employment at Shirley Ryan. RxStations are medication dispensing cabinets that may include a finger-scan locking feature to ensure that medications are safely and accurately managed, tracked, and distributed. Plaintiff claims that "during her employment at Shirley Ryan, she was required" to use the finger-scan feature. FAC ¶¶ 18-19, 23-24.[1] She alleges that the finger-scan feature was used in a manner that violates the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS §§ 14/1 *et seq*.

Plaintiff, however, has not sued Shirley Ryan. Instead, she has sued Cerner, which Plaintiff alleges is merely a "supplier of health information technology, software, services, and hardware" to Shirley Ryan. FAC ¶ 11. Plaintiff also has sued Cerner's alleged security partner Imprivata, Inc., and, in another case, Trumed Systems, a seller of vaccine management and storage systems.[2] Plaintiff's claims in this case rely on the misguided presumption that Cerner owed her duties under BIPA Sections 15(a) and 15(b), but Cerner did not. To the contrary, Plaintiff's claim under Section 15(a) fails plausibly to allege that she personally suffered any injury, and Plaintiff's claim under Section 15(b) neither alleges that Cerner took an "active step" to collect her biometrics, nor that Cerner owed her any duty under BIPA at all.

In addition, Plaintiff's claims are barred by BIPA's Health Care Exclusion, because on the face of the Complaint, the information supposedly collected from Plaintiff is information "collected, used, or stored for health care treatment, payment, or operations." 740 ILCS 14/10. Although the Illinois Appellate Court recently ruled in a similar case that health care employee

---

[1] All citations and references to Plaintiff's Complaint refer to the First Amended Complaint ("FAC").

[2] *Kyles v. Trumed Systems, Inc.*, No. 2021-CH-04026 (Cook Cty. Chancery Div.).

information does not fall within the Health Care Exclusion, there is good reason to think the Illinois Supreme Court will overturn that ruling.

Finally, at a minimum, Plaintiff fails to plead reckless or intentional conduct by Cerner, and her claims for heightened liquidated damages based on such conduct should be stricken.

In summary, Plaintiff's Complaint fails to state a claim and Cerner respectfully requests that it be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## SUMMARY OF ALLEGATIONS

Plaintiff alleges that she worked as a nurse at Shirley Ryan until September 2018. FAC ¶ 18. Cerner is a "supplier of health information technology, software, services, and hardware." *Id*. ¶ 11. Plaintiff alleges that "one of Cerner's products, the RxStation, is an automated medication dispensing cabinet with security features integrated with Imprivata's biometrically enabled finger scanning technology." *Id*. ¶ 17. Plaintiff alleges that "during her employment at Shirley Ryan, she was required" to scan her fingerprint in order to use the RxStation cabinet to access medical records and prescription medications. *Id*. ¶¶ 18-19, 23-24. Plaintiff alleges that the RxStation is "connected to Defendants' networks, servers, or other hosted environments," and unspecified "information derived from the scanning of Plaintiff's biometric identifier" is "transmitted" to "Defendants' own servers." *Id*. ¶¶ 20, 26.[3] She alleges that Defendants fail to inform "users the extent of the purposes for which their biometrics are being collected, captured, stored, and/or used," "did not inform Plaintiff in writing that Plaintiff's biometrics were being captured, collected, stored, and/or used," and "failed to make publicly available any written policy addressing their biometric retention and destruction schedules." *Id*. ¶¶ 21, 27-28.

---

[3] Cerner denies these and other allegations that it receives biometric data.

Plaintiff claims that the above constitutes violations by Cerner of BIPA Sections 15(a) and 15(b). *See id.* ¶¶ 40-44.

## LEGAL STANDARD

To satisfy her pleading burden, a plaintiff must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "That is, the allegations must raise the possibility of relief above the 'speculative level.'" Crucially, a plaintiff cannot satisfy *Twombly* by "merely parrot[ing] statutory language of the claims that they are pleading . . . rather than providing some specific facts to ground those legal claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## ARGUMENT

### I.   PLAINTIFF FAILS TO PLEAD A CLAIM UNDER BIPA.

Sections 15(a) through (e) of BIPA set forth five different requirements for private entities. *See* 740 ILCS 14/15. Plaintiff claims only that Cerner violated Sections 15(a) and 15(b). But Plaintiff does not state a plausible claim that Cerner violated any part of Section 15(a). Plaintiff's Complaint also fails to plead that Cerner actually collected her biometric information, dooming her Section 15(b) claim.

#### A.    Plaintiff fails to state a claim under Section 15(a).

BIPA Section 15(a) applies only to a "private entity in possession of biometric identifiers or biometric information." 740 ILCS 14/15(a). The FAC alleges only that "Defendants transmitted information derived from the scanning of Plaintiff's biometric identifier . . . to Defendants' own servers or hosted environments." FAC ¶ 26. This conclusory allegation is not enough to allege that Cerner possessed biometric identifiers or biometric information. *E.g.*, *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 968 (N.D. Ill. 2020).

3

Moreover, Section 15(a) sets forth three separate requirements applying to a "private entity in possession of biometric identifiers, but Plaintiff does not state a claim for a violation of any of them." First, the entity must develop a written retention and destruction policy. Second, the entity must actually comply with that policy. Third, the retention and destruction policy must be "made available to the public." 740 ILCS 14/15(a).

Plaintiff does not state a claim for a violation of any of the three requirements of Section 15(a). First, Plaintiff's allegations that Cerner didn't have a written retention and destruction policy are insufficient and fail to state a plausible claim. Plaintiff alleges only that Cerner does not "inform . . . users the extent of the purposes for which their biometrics are being collected, captured, stored, and/or used" (FAC ¶ 21), and that Cerner "failed to make publicly available any written policy addressing their biometric retention and destruction schedules" (FAC ¶ 28, 44(e)). At most, these allegations merely parrot the language of the statute, which is not enough. *Carpenter v. McDonald's Corp.*, __ F. Supp. 3d __, 2022 WL 897149, at *4 (N.D. Ill. Jan. 13, 2022); *Heard*, 440 F. Supp. 3d at 968.

Second, Plaintiff never alleges that Cerner failed to comply with an existing written retention and destruction policy. *See generally* FAC.

That leaves the third requirement of Section 15(a), that Cerner make its retention and destruction policy available to the public. Here, Plaintiff again merely parrots the statutory language, alleging only that "defendants also failed to make publicly available any written policy addressing their biometric retention and destruction schedules." FAC ¶ 28. This in and of itself is insufficient. *E.g.*, *Heard*, 440 F. Supp. 3d at 966.

Additionally, Plaintiff's Section 15(a) claim for failing to publicly publish a policy does not state a claim under the plain requirements of BIPA, because it does not allege an injury to Plaintiff personally. Section 20 of BIPA provides a private right of action only to a "*person*

4

aggrieved by a violation of this Act." 740 ILCS 14/20 (emphasis added). In *Rosenbach*, the Illinois Supreme Court addressed whether a plaintiff has statutory standing to bring a BIPA claim based solely on a violation of Section 15's terms, without alleging "[a]dditional injury or adverse effect." *Rosenbach v. Six Flags Entm't Corp.* 129 N.E.3d 1197, 1202 (Ill. 2019). *Rosenbach* held a plaintiff is a "person aggrieved" under Section 20 of BIPA, and thus has statutory standing to file a lawsuit, when a private entity commits a violation that "constitutes an invasion, impairment, or denial of the statutory rights of any *person* or customer whose biometric identifier or biometric information is subject to the breach" of Section 15's terms. *Id*. at 1206. These injuries are not "merely 'technical,'" but "real and significant," because BIPA gives "*individuals* . . . the right to control their biometric information." *Id*. (emphasis added).

Since *Rosenbach*, the Illinois Supreme Court has twice reaffirmed that BIPA protects the personal right of individuals to keep their personal information private. First, in *West Bend*, the court explained that BIPA "protects a *secrecy interest*—here, the right of an individual to keep his or her personal identifying information like fingerprints secret." *West Bend Mut. Ins. Co. v. Krishna Schaumburg Tan, Inc.,* 2021 IL 125978[4], ¶ 46. Second, just two months ago, the court explained that BIPA injuries are not compensable under the Illinois Workers' Compensation Act because they are "*personal* and societal injuries caused by violating the [BIPA's] prophylactic requirements . . . [BIPA] involves prophylactic measures to prevent compromise of an *individual's* biometrics." *McDonald v. Symphony Bronzeville Park, LLC*, 2022 IL 126511, ¶ 43 (citing *Rosenbach*, 129 N.E.3d at 1206-07).

Here, however, Plaintiff does not allege a violation of BIPA that harmed her personally. To the contrary, she alleges only that "Defendants failed to make publicly available a written

---

[4] Illinois cases not yet published in the North East Reporter are cited in this brief using their Illinois public-domain citation.

biometric retention and destruction schedule, as required by 740 ILCS 14/15(a)."  But courts have repeatedly held that the duty to make a written policy available to the public is just that:  a duty owed to the public and not to a particular person, like Plaintiff.  *See Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020) (duty to provide a publicly available retention policy under Section 15(a) "is owed to the public generally, not to particular persons whose biometric information the entity collects"); *Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604, 612 (N.D. Ill. 2020) (dismissing Section 15(a) claim outright because "the failure to make available a written retention and destruction policy was a harm to the public, not a harm to [plaintiff]"); *Vance v. Internat'l Bus. Machines Corp.*, No. 20 C 577, 2020 WL 5530134, at *2 (N.D. Ill. Sept. 15, 2020) (dismissing Section 15(a) claim because violation of the Section 15(a) duty owed to the public "does not invade a plaintiff's personal privacy rights").

Here, Plaintiff's 15(a) claim for failure to make a retention and destruction policy available simply does not meet the threshold requirements to bring an action under BIPA, because Plaintiff does not allege she was personally aggrieved by Cerner's alleged failure to make its policy public.  Her Section 15(a) claim should be dismissed on this basis as well.

    **B.**    **Plaintiff's claim under Section 15(b) should be dismissed.**

        **1.**    **Plaintiff has not adequately pled Cerner took an active step to collect her biometrics.**

For "Section 15(b)'s requirements to apply, an entity must, at a minimum, take an *active step* to collect, capture, purchase, or otherwise obtain biometric data."  *Jacobs v. Hanwha Techwin America, Inc.*, 2021 WL 3172967, at *2 (N.D. Ill. July 27, 2021) (emphasis added); *Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 877 (N.D. Ill. 2020) (dismissing Section 15(b) claim where plaintiff did not allege her relationship with the technology vendor or any other factual

support); *Heard*, 440 F. Supp. 3d at 966 ("affirmative act" required to state a claim under Section 15(b)); *Namuwonge v. Kronos, Inc.*, 418 F. Supp. 3d 279, 286 (N.D. Ill. 2019) (allegation that employer "collected . . . fingerprints using a system that [vendor] supplied does not state a 15(b) claim); *see also Gutierrez v. Senior Lifestyle Corp.*, No. 2017-CH-11314, Order at 1-2 (Cir. Ct. Cook Cty. Apr. 1, 2022) (Ex. 1) (in the employment context, compliance with Section 15(b) is the employer's responsibility, not a third party); *Cameron v. Polar Tech. Indus., LLC*, No. 2019-CH-00013, Tr. of Hr'g. at 33-34 (Cir. Ct. Cook Cty. Aug. 23, 2019) (same) (Ex. 2); *but see Figueroa v. Kronos Inc.*, 454 F. Supp. 3d 772, 784 (N.D. Ill. 2020).

Plaintiff has not plausibly alleged that *Cerner* took any "active step" to collect her biometric information. Cerner, as the Complaint expressly acknowledges, is merely a "supplier of health information technology . . . to medical providers" like Shirley Ryan. FAC ¶ 16. Plaintiff alleges that she worked at Shirley Ryan and "was required to register her fingerprint," then was required to scan her fingerprint in order to access the confidential health records and medications of Shirley Ryan patients. FAC ¶¶ 23-24. These very allegations, and common sense, show that Plaintiff's registration and subsequent finger scans were required, if at all, *by Plaintiff's employer*—Shirley Ryan. *See* FAC ¶ 23. Plaintiff worked for Shirley Ryan, not Cerner, and the Complaint does not allege that Cerner had any direct contact or relationship with Plaintiff whatsoever.

Thus, if anyone collected Plaintiff's biometric information, it was Shirley Ryan, not Cerner. Trying to avoid this fact, Plaintiff broadly alleges that "[a]fter collecting Plaintiff's biometrics, Defendants transmitted . . . biometric information, to Defendants' own servers." FAC ¶ 26. But this conclusory allegation does not state a plausible claim. Indeed, numerous courts have held that a broad allegation that a defendant "collected" biometrics, without more, is simply a recitation of BIPA's statutory language and therefore insufficient. *See Jacobs*, 2021

7

WL 3172967, at *3 (citing *Brooks*, 578 F.3d at 581); *Heard*, 440 F. Supp. 3d at 966 (dismissing Section 15(b) claims that "merely parrot" BIPA's statutory language and "do not provide any specific facts to ground [plaintiff's] legal claims"); *see also McGoveran v. Amazon Web Servs., Inc.*, 488 F. Supp. 3d 714, 718 (S.D. Ill. 2020) (a BIPA plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements" of a claim); *Kloss*, 462 F. Supp. 3d at 877 ("barebone factual support and recitation of statutory language" does not state a claim under BIPA).

### 2. Cerner is not Plaintiff's employer, so Section 15(b)'s notice and consent provisions do not apply.

Additionally, Plaintiff's Section 15(b) claim fails because it does not establish that Cerner had a duty to comply with Section 15(b)'s requirements.

Plaintiff alleges she was required to scan her finger at her place of employment to control her access to medical records and medications. FAC ¶ 24. Plaintiff worked for Shirley Ryan, and Shirley Ryan, not Cerner, required her to scan her finger. *See id.* BIPA's text shows that, in the employment context alleged here, employers are responsible for procuring a subject's informed consent to collection of biometric data. Specifically, collectors of biometric data must make certain disclosures and "receive a written release executed by the subject." 740 ILCS 14/15(b). In turn, "'[w]ritten release' means . . . in the *context of employment*, a release executed by an employee as a condition of employment." *Id.* § 10 (emphasis added). Accordingly, the employer, not the technology vendor, is "the entity required to comply with section 15(b) of BIPA." *Gutierrez*, Order at 2 (Ex. 1); *Cameron*, Tr. of Hr'g. at 33-34 (Ex. 2).

It would be illogical to require Cerner to procure a written release from Plaintiff as a condition of employment. Plaintiff does not allege she was ever Cerner's employee. Cerner

therefore could not procure from her—nor could she provide Cerner with—anything as a condition of employment.

Courts must "presume the legislature did not intend absurd, inconvenient, or unjust consequences." *In re Marriage of Goesel*, 102 N.E.3d 230, 235 (Ill. 2017); *see also People v. Hanna*, 800 N.E.2d 1201, 1208-09 (Ill. 2003) (rejecting statutory construction leading to "absurd result" that regulated entity would be unable to comply with the statute's requirements).[5] "Compliance [with Section 15(b)] should not be difficult." *Rosenbach*, 129 N.E.3d at 1207. Simply put, Cerner is not Plaintiff's employer and Section 15(b) therefore does not apply to Cerner in this context. As such, Plaintiff's Section 15(b) claim should be dismissed.

## II. PLAINTIFF'S CLAIMS MUST BE DISMISSED BECAUSE BIPA'S HEALTH CARE EXCLUSION APPLIES.

BIPA regulates only "biometric identifiers" and "biometric information," as defined in the statute. 740 ILCS 14/10. "Biometric information" is "information . . . based on an individual's biometric identifier used to identify an individual." *Id*. Thus, if something is not a "biometric identifier," it cannot be "biometric information."

The definition of "biometric identifier" excludes certain data. Pertinent here, the definition of "biometric identifier" contains a Health Care Exclusion that excludes from the statute "information captured from a patient in a health care setting *or* information collected, used, or stored for health care treatment, payment, or operations under the federal Health Insurance Portability and Accountability Act of 1996." *Id*. (emphasis added). The Health Care Exclusion therefore excludes two separate types of "information": (1) "information captured

---

[5] Federal courts "apply Illinois's rules of statutory construction when interpreting an Illinois statute." *In re Hernandez*, 918 F.3d 563, 569 (7th Cir. 2019).

from a patient in a health care setting"; and (2) "information collected, used, or stored for health care treatment, payment, or operations under [HIPAA]."

The Complaint itself demonstrates that the finger-scan data allegedly collected, used, or stored by the RxStations is in the second category of information, and thus within the Health Care Exclusion.  Plaintiff alleges that, while working as a nurse, she scanned her finger in order to access an "automated medication dispensing cabinet."  FAC ¶¶ 17-18, 23-24.  Plainly, information collected, used, or stored in the context of accessing medications and medical records is "information collected, used, or stored for health care treatment, payment, or operations under [HIPAA]."  740 ILCS 14/10.  Accordingly, the Health Care Exclusion carves out of the statute the information at issue in this case, and Plaintiff cannot state a claim upon which relief can be granted.

This issue was recently partly[6] addressed by the Illinois Appellate Court.  *See Mosby v. Ingalls Mem'l Hosp.*, 2022 IL App (1st) 200822.  In *Mosby*, the Appellate Court held that "information collected, used, or stored for health care treatment payment, or operations under [HIPAA]" means patient biometric information, and never can mean employee biometric information.  *Mosby*, 2022 IL App (1st) 200822, ¶ 44.

Cerner acknowledges that *Mosby* is contrary to its interpretation of the Health Care Exclusion, and that this Court is bound to follow Illinois appellate court interpretations of Illinois state law unless there is "good reason" to think the Illinois Supreme Court would reject the appellate court's decision.  *Shields Enters., Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1297 (7th

---

[6] The *Mosby* appeal involved two consolidated appeals addressing similar, but not identical, questions certified for interlocutory appeal.  The Illinois Appellate Court addressed only one of the two certified questions.  *See Mosby*, 2022 IL App (1st) 200822, ¶ 2.  The appellants in *Mosby* have filed a petition for rehearing requesting, among other relief, that the court rule on both certified questions, and also reconsider its reasoning and ruling.  The petition for rehearing is still pending.

Cir. 1992).  But here, there is "good reason" to think the Illinois Supreme Court (which previously instructed the appellate court to accept the certified question and rule on the issue, *see* Ex. 3, showing it is interested in this issue) will accept an appeal in *Mosby* and ultimately will reject the *Mosby* decision.

The Illinois Supreme Court has repeatedly instructed that statutory construction is, at bottom, an exercise in determining legislative intent.  The "most reliable indicator of legislative intent" is "the language of the statute, which must be given its plain and ordinary meaning." *Haage v. Zavala*, 2021 IL 125918, ¶ 44 (citations omitted).  Accordingly, courts must apply the plain language of statute as written, and "may not depart from the law's terms by reading into it exceptions, limitations, or conditions the legislature did not express."  *Rosenbach.*, 129 N.E.3d at 1204.

The *Mosby* decision violates Illinois Supreme Court precedent because it departs from the plain and ordinary terms of the statute and violates fundamental principles of English grammar and statutory construction.  The Health Care Exclusion's plain language shows that two separate categories of information are carefully and intentionally carved out from BIPA's reach—one, information from a patient in a health care setting; and two, information collected, used, or stored for health care treatment, payment, or operations under HIPAA.  740 ILCS 14/10.  This is shown by the use of the word "information" twice in the Exclusion, separated by the word "or."  The Illinois Supreme Court has repeatedly recognized that "[a]s used in its ordinary sense, the word 'or' marks an alternative indicating the various members of the sentence which it connects are to be taken separately."  *People v. Fieberg*, 589 N.E.2d 508, 518 (Ill. 1992); *see also Encino Motorcars, LLC v. Navarro,* 138 S. Ct. 1134, 1141 (2018) ("[O]r' is 'almost always disjunctive.'") (quoting *United States v. Woods*, 571 U.S. 31, 45 (2013)).

11

Put differently, the second "information" must refer to something different from the first because the two "informations" are separated by the disjunctive "or." Any other reading would defy basic rules of grammar. But that is exactly what the appellate court's ruling in *Mosby* does, because it holds that the second "information" means the same thing as the first—"patient information." *Mosby*, 2022 IL App 200822, ¶¶ 44-45.

In doing so, the *Mosby* ruling violates another basic tenet of statutory construction, because it renders the second "information" superfluous. Courts must construe the Health Care Exclusion, like any other statute, "so that each word, clause, and sentence is given a reasonable meaning" without rendering "any portion of the statute meaningless or void." *Sylvester v. Indus. Comm'n*, 756 N.E.2d 822, 827 (Ill. 2001). Put differently, the two clauses must each be read to give effect and independent meaning to each. Yet, if the second clause of the Health Care Exclusion is deemed to be limited to information collected from patients, "information captured from a patient in a health care setting" would subsume the distinct clause extending the Exclusion to "information collected, used or stored for health care treatment, payment, or operations." Thus, the *Mosby* ruling directly contravenes the Illinois Supreme Court's "fundamental rule of statutory construction that surplusage will not be presumed." *Cosmopolitan Nat. Bank v. Cook Cty.*, 469 N.E.2d 183, 188 (Ill. 1984).

In short, there is good reason to think *Mosby* will be overturned. The Court should undertake its own analysis of the Health Care Exclusion, follow Illinois' rules of statutory construction, and conclude that it excludes the type of information at issue here—finger-scan data collected from a nurse when she accessed medical records and prescriptions.

III.    **PLAINTIFF DOES NOT PLEAD A PLAUSIBLE CLAIM THAT CERNER
ACTED RECKLESSLY OR INTENTIONALLY.**

Finally, at a minimum, the Court should dismiss Plaintiff's claims for liquidated damages

of $5,000, because Plaintiff fails to plead an intentional or reckless BIPA violation.  *See* FAC

Prayer for Relief, ¶ d.  BIPA "only subjects violators to statutory damages if there is negligence

or willfulness," *Rivera v. Google Inc.*, 238 F. Supp. 3d 1088, 1104 (N.D. Ill. 2017), and Plaintiff

has not alleged the requisite state of mind.

Relevant here, liability for reckless conduct requires that the actor "knows [injury] is

certain or substantially certain to result" and arises from "situations in which there is a high

degree of probability that [injury] will follow and the actor goes ahead in conscious disregard of

it." *Pub. Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976) (affirming dismissal of conclusory

claims of intentional or reckless conduct as inadequately pled).  Intent, as defined by Illinois case

law, requires "a desire to cause consequences or at least a substantially certain belief that the

consequences will result."  *Ziarko v. Soo Line R. Co.*, 641 N.E.2d 402, 405 (Ill. 1994) (internal

quotations omitted).  Thus, properly pleading recklessness or intent requires that a plaintiff "first

plead the elements of negligence . . . and then also plead a heightened state of mind." *Papadakis

v. Fitness 19 IL 116, LLC*, 148 N.E.3d 648, 653-54 (Ill. App. Ct. 1st Dist. 2018) (describing

willful and wanton conduct as "a deliberate intention to harm or a conscious disregard for the

plaintiff's welfare," quoting the Illinois Supreme Court).

Applying the above principles, in *Rogers v. CSX Intermodal Terminals, Inc.*, Judge

Aspen dismissed the plaintiff's claims of knowing and willful conduct as too conclusory,

reasoning that the plaintiff's "conclusory statement of [defendant's intent is insufficient to allow

us to infer that [defendant] acted intentionally or recklessly and does nothing to distinguish this

case from every possible BIPA case where the defendant is alleged to have failed to meet the

13

strictures of Section 15." 409 F. Supp. 3d 612, 619 (N.D. Ill. 2019). Numerous other courts likewise have rejected attempts to seek heightened statutory damages without any actual plausible allegations of intentional or reckless behavior. *E.g., Mosby v. The Ingalls Mem'l Hosp. UCM Cmty. Health & Hosp. Div. Inc.*, No. 2018 CH 05031, Tr. of Hr'g at 69, 72 (Cir. Ct. Cook Cty. Jan. 13, 2020) (noting that a plaintiff requesting "enhanced damages" must "plead more" and dismissing claim for $5,000 in liquidated damages that was unsupported by facts) (Ex. 4); *Thurman v. Northshore Univ. Health Sys.*, No. 2018 CH 3544, 2019 WL 7249205, at *12 (Cir. Ct. Cook Cty. Dec. 12, 2019) (striking conclusory allegation that BIPA defendant's actions were "willful and/or reckless") (Ex. 5); *Navarette v. Josam Acquisitions*, No. 2019 CH 14368, Tr. of Hr'g at 3:11-22 (Cir. Ct. Cook Cty. Mar. 29, 2021) (dismissing allegations regarding recklessness and intentionality under Section 2-615 because, as pled, "factual allegations are insufficient to allow [the BIPA] Plaintiff to proceed with request for enhanced damages" against the former employer) (Ex. 6); *Webster v. Windsor Estates Nursing and Rehab*, No. 2019 CH 11441, Tr. of Hr'g at 33-34 (Cir. Ct. Cook Cty. Nov. 16, 2020) (dismissing allegations regarding reckless and intentional conduct that lacked factual support) (Ex. 7).

The same analysis applies here. Plaintiff does not make any plausible allegations that Cerner acted intentionally or recklessly. Rather, she merely conclusorily claims that Cerner did so, and seeks the heightened statutory damages without any plausible basis for doing so. Thus, Plaintiff's claims for liquidated damages for intentional or reckless BIPA violations must be dismissed.

## **CONCLUSION**

Plaintiff has already filed three complaints in this matter (Dkts. 1, 19, 26), but has yet to state a plausible claim. Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss Plaintiff's First Amended Class Action Complaint with prejudice.

Dated:  April 8, 2022                        Respectfully submitted,

CERNER CORPORATION

By:  */s/ Matthew C. Wolfe*                    
            One of Its Attorneys

Kateland R. Jackson                    Matthew C. Wolfe
SHOOK, HARDY & BACON L.L.P.     Erin Bolan Hines
1800 K Street, N.W., Suite 1000         SHOOK, HARDY & BACON L.L.P.
Washington, D.C.  20006                111 South Wacker Drive, Suite 4700
Tel:  (202) 783-8400                   Chicago, IL  60606
krjackson@shb.com                    Tel:  (312) 704-7700
                                        mwolfe@shb.com
                                        ehines@shb.com

***Attorneys for Defendant Cerner Corporation***

15

<u>**CERTIFICATE OF SERVICE**</u>

     I, Matthew C. Wolfe, an attorney, hereby certify that on **April 8, 2022**, I caused a true and correct copy of **CERNER CORPORATION'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT** to be filed electronically.  Notice of this filing will be sent through the Court's CM/ECF system to counsel of record.


                                  */s/ Matthew C. Wolfe*