IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENORA KYLES, individually and on behalf of all similarly situated individuals,<br><br>*Plaintiff*,<br><br>v.<br><br>CERNER CORPORATION, a Delaware corporation; IMPRIVATA, INC., a Delaware corporation,<br><br>*Defendants.* | No. 21-cv-05069<br><br>Hon. Jorge L. Alonso<br><br>Magistrate Judge Susan E. Cox |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff Jenora Kyles ("Plaintiff"), individually and on behalf of all similarly situated individuals, pursuant to 28 U.S.C. § 1447(c), hereby respectfully moves for entry of an Order remanding her claims brought pursuant to 740 ILCS 14/15(a) to the Circuit Court of Cook County, Illinois.

## I.  INTRODUCTION

On May 5, 2020, the United States Court of Appeals for the Seventh Circuit issued its decision in *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (hereinafter "*Bryant*"), resolving an issue that had divided courts in this District for years: whether (and which) violations of the Illinois Biometric Privacy Act, 745 ILCS 14/15 *et seq.* ("BIPA"), are injuries sufficient to confer standing under Article III of the Constitution. *Bryant* held that the disclosure obligations created by 740 ILCS 14/15(a) of BIPA ("Section 15(a)") – which require private entities possessing biometrics to establish a publicly-available biometric retention and destruction schedule – are owed to the public generally, rather to any particular person, and are not part of

1

BIPA's "informed consent" regime. Accordingly, the Seventh Circuit held that the plaintiff in *Bryant* did not suffer a concrete and particularized injury as a result of the defendant's violation of Section 15(a), and thus lacked Article III standing to pursue that claim in federal court. On June 30, 2020, the Seventh Circuit modified its decision, but maintained its holding that an alleged violation of this first provision of Section 15(a), standing alone, does not confer Article III standing. *Bryant*, 958 F.3d at 626 (as modified).

Here, Plaintiff's claims under Section 15(a) seek relief only under its first provision. In fact, in its pending Motion to Dismiss, Defendant Cerner Corporation ("Cerner"), who removed this case from Illinois state court, cites *Bryant* in arguing that Plaintiff lacks any personalized injury under Section 15(a). And Plaintiff agrees—under *Bryant*, this Court lacks jurisdiction over her Section 15(a) claims. Accordingly, because this case originated in the Circuit Court of Cook County, Illinois, Plaintiff's Section 15(a) claims must be severed and remanded to that court as a matter of law.

## II.  PROCEDURAL HISTORY

Plaintiff initiated this action in the Circuit Court of Cook County, Illinois, on August 13, 2021, alleging that Cerner violated Section 15(a) by failing "make publicly available a written biometric retention and destruction schedule." (Complaint, Dkt. 1-1, ¶ 45(e)).  On September 4, 2021, Cerner removed this action to this Court, 28 U.S.C. §§ 1332(a), 1332(d), and 1453(b). (Dkt. 1). On November 2, 2021, the Court granted Plaintiff's request to file an amended complaint. (Dkt. 18). Plaintiff filed her First Amended Complaint ("FAC") on November 4, 2021 (Dkt. 19), and a corrected copy on December 15, 2021 (Dkt. 26). As with her initial Complaint, Plaintiff's FAC alleges that Cerner and Defendant Imprivata, Inc. ("Imprivata") violated Section 15(a) by failing

to make publicly available written policies addressing their biometric and retention schedules. (FAC, Dkt. 26, ¶¶ 28, 44(e)).

III. **LEGAL STANDARD**

If, in a removed case, a district court finds that it lacks subject matter jurisdiction at any time, the only remedy is remand to state court. *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994); *see* 28 U.S.C. § 1447(c). Article III standing is a threshold element of federal subject matter jurisdiction. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). Thus, if at any time Article III standing is lacking over a removed claim, the appropriate disposition is to remand that claim to the originating state court. *See* 28 U.S.C. § 1447(c); *Collier*, 889 F.3d at 897; *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010).

IV. **UNDER BINDING SEVENTH CIRCUIT PRECEDENT, THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER PLAINTIFF'S SECTION 15(a) CLAIMS.**

In this case, Plaintiff alleges that Defendants violated Section 15(a) by failing to make publicly available their biometric retention and destruction schedules. (FAC, Dkt. 26, ¶¶ 28, 44(e)). In *Bryant*, the plaintiff's allegations were the same: that the defendant violated Section 15(a) by "possessing the Plaintiff's and the Class's fingerprints and information based on their fingerprints without creating a written policy, made available to the public, establishing a retention schedule and destruction guidelines for its possession of biometric identifiers and information." (*See Bryant v. Compass Group, Inc.*, No. 19-cv-06622, Dkt. 1-1 (N.D. Ill.), attached hereto as <u>Exhibit A</u>, ¶ 52). The Seventh Circuit determined this alleged violation of Section 15(a)'s first provision was insufficient to confer Article III standing:

> Bryant alleged only a claim under the provision of [Section 15(a)] requiring development of a "written policy, made available to the public, establishing a

> retention schedule and guidelines for permanently destroying biometric identifiers and biometric information,'' *not under the provision requiring compliance with the established retention schedule and destruction guidelines* . . . This provision is not part of the informed-consent regime, and Bryant alleges no particularized harm that resulted from Compass's violation of section 15(a) . . . We conclude that Bryant did not suffer a concrete and particularized injury as a result of Compass's violation of section 15(a).

*Bryant*, 958 F.3d at 626 (7th Cir. 2020) (emphasis added). Accordingly, under *Bryant*, Plaintiff's allegations here do not confer Article III standing with respect to her Section 15(a) claims.

Following *Bryant*, the Seventh Circuit also addressed Article III standing in relation to Section 15(a) in *Fox v. Dakkota Integrated Systems, LLC*, 980 F.3d 1146 (7th Cir. 2020). In *Fox*, the plaintiff did "not allege a mere procedural failure to publicly disclose a data-retention policy. Rather, [the plaintiff] allege[d] a concrete and particularized invasion of her privacy interest in her biometric data stemming from [the defendant's] violation of the full panoply of its section 15(a) duties—the duties to develop, publicly disclose, and *comply with* data retention and destruction policies—resulting in the wrongful retention of her biometric data after her employment ended, beyond the time authorized by law." *Fox*, 980 F.3d at 1149 (emphasis in original). The Seventh Circuit considered this alleged "unlawful retention" of Fox's biometric data to be a concrete and particularized "privacy injury" similar to an unlawful collection of biometrics under 740 ILCS 14/15(b). Nonetheless, the Seventh Circuit reaffirmed its holding in *Bryant* that "a mere failure to publicly disclose a data-retention policy" is insufficient to confer Article III standing. *See id.* at 1154.

Here, like the plaintiff in *Bryant*, and unlike the plaintiff in *Fox*, Plaintiff only alleges under Section 15(a) that Defendants failed to make a data-retention policy publicly available.. Courts in this Circuit have consistently held that Section 15(a) allegations which do not concern unlawful retention are insufficient to confer Article III standing. *See, e.g.*, *Garner v. Buzz Finco LLC*, No.

4

3:21-cv-50457, 2022 WL 1085210, at *4 (N.D. Ill. Apr. 11, 2022); *Hogan v. Amazon.com, Inc.*, No. 21-cv-3169, 2022 WL 952763, at *8 (N.D. Ill. Mar. 30, 2022); *King v. PeopleNet Corp.*, No. 21-cv-2774, 2021 WL 5006692, at *4 (N.D. Ill. Oct. 28, 2021); *Kislov v. Am. Airlines, Inc.*, No. 17-cv-9080, 2021 WL 4711741, at *5 (N.D. Ill. Oct. 8, 2021); *Colon v. Dynacast, LLC*, No. 20-cv-3317, 2021 WL 492870, at *5 (N.D. Ill. Feb. 10, 2021) ("[T]he Court reads the complaint as alleging a section 15(a) claim based only on Defendant's failure to publish its data policy—not Defendant's failure to comply with any data policy. As explained in *Bryant, the Court lacks jurisdiction over this claim*") (emphasis in original); *Marquez v. Google LLC*, No. 20-cv-4454, 2020 WL 6287408, at *2 (N.D. Ill. Oct. 27, 2020); *Burlinski v. Top Golf USA Inc.*, No. 19-cv-06700, 2020 WL 5253150, at *4 (N.D. Ill. Sept. 3, 2020); *Stauffer v. Innovative Heights Fairview Heights, LLC*, No. 20-cv-00046, 2020 WL 4815960, at *7 (S.D. Ill. Aug. 19, 2020).

In sum, because Plaintiff seeks relief under the first provision of Section 15(a), the duty to make a written biometric retention and destruction policy publicly available, which *Bryant* determined insufficient to confer Article III standing, she lacks Article III standing to pursue those claims in federal court. In turn, this Court lacks jurisdiction over Plaintiff's Section 15(a) claims, because a federal court has subject matter jurisdiction over a claim only if a plaintiff has Article III standing to bring it. *See MAO-MSO Recovery II, LLC v. State Farm Mut. Auto. Ins. Co.*, 935 F.3d 573, 581 (7th Cir. 2019) ("The decision that plaintiffs lacked Article III standing is one of jurisdictional significance: it means that the court had no authority to resolve the case").

Indeed, Defendant Cerner, the party who sought federal jurisdiction by removing this case, effectively admits that this Court lacks jurisdiction over Plaintiff's Section 15(a) claim against it by arguing in its Motion to Dismiss that Plaintiff "does not allege a violation of [Section 15(a)] that harmed her personally" (Dkt. 41 at 5-6). While Cerner mislabels its challenge to Plaintiff's

5

standing as a Rule 12(b)(6) argument, Cerner can only cite as support *Bryant* and two other decisions that dismissed Section 15(a) claims for lack of Article III standing, not for failure to state a claim. *Cothron v. White Castle Sys., Inc.*, 467 F. Supp. 3d 604, 618 (N.D. Ill. 2020) ("Ms. Cothron lacks standing to pursue her Section 15(a) claim and that claim is dismissed without prejudice"); *Vance v. Int'l Bus. Machines Corp.*, No. 20-cv-577, 2020 WL 5530134, at *3 (N.D. Ill. Sept. 15, 2020) ("Applying the *Bryant* Court's holding, we conclude that we lack subject-matter jurisdiction over Plaintiffs' Section 15(a) claims").[1] In other words, Cerner's challenge to Plaintiff's Section 15(a) claim is merely a thinly veiled assault on her Article III standing. Courts regularly remand removed claims to state court where the defendant implicitly challenges standing under the guise of Rule 12(b)(6). For example, in *Zhirovetskiy v. Zayo Group, LLC*, No. 17-cv-05876, 2018 WL 11195494 (N.D. Ill. Mar. 7, 2018), the defendant removed the plaintiff's claims from Illinois state court under CAFA, but then moved to dismiss under 12(b)(6) for lack of statutory standing, as opposed to Article III standing. 2018 WL 11195494 at *2. Nonetheless, because the defendant took the position that the plaintiff lacked any injury-in-fact, Judge Coleman held that the defendant had "undermine[d] its representation that the federal court had jurisdiction over the case," and granted the plaintiff's motion to remand. *Id.* at *2 ("As Defendants' conflicting positions leave the Article III standing issue unsettled, remand is appropriate here"). Similarly, in *Barnes v. ARYZTA, LLC*, 288 F. Supp. 3d 834 (N.D. Ill. 2017), the defendant removed the plaintiff's BIPA claims from Illinois state court under CAFA, then moved to dismiss under Rule 12(b)(1) for lack of Article III standing and under Rule 12(b)(6) for failure to state a claim. 288 F. Supp. 3d at 836. Even though the defendant subsequently withdrew its 12(b)(1) motion, Judge

---

[1] As discussed below, because *Cothron* was removed from state court, Judge Tharp erred in dismissing that Section 15(a) claim rather that severing and remanding it to state court pursuant to 28 U.S.C. § 1447(c). It appears that none of the parties in that case, however, brought the error to Judge Tharp's attention. *Vance* originated in federal court, such that § 1447 did not apply.

Durkin nonetheless held that the defendant had already abdicated its burden of demonstrating subject matter jurisdiction, and, because "the defendant d[id] not even attempt to and thus necessarily failed to persuade the Court that federal jurisdiction exists," granted the plaintiff's motion to remand and awarded the plaintiff's attorneys' fees. *Id.* at 840. In short, Cerner's strategic decision to challenge Plaintiff's Section 15(a) claim under Rule 12(b)(6), as opposed to Rule 12(b)(1), is of no consequence.

V. **THIS COURT'S LACK OF SUBJECT MATTER JURISDICTION REQUIRES REMAND OF PLAINTIFF'S SECTION 15(a) CLAIMS TO THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS.**

Plaintiff's Section 15(a) claims must be remanded to the Circuit Court of Cook County, Illinois – the court from which this case was removed – because where a district court lacks subject matter jurisdiction in a removed case, the only authorized result is remand to the originating state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded"); *Collier*, 889 F.3d at 897 (7th Cir. 2018) ("[Section] 1447(c) required the district court to remand this case to state court, because it does not satisfy Article III's requirements"); *Bergquist*, 592 F.3d at 819 (where some parts of a removed case are within federal jurisdiction and others are not, partial remand is appropriate). This Court may safely follow the numerous district courts in this Circuit which have severed and remanded removed Section 15(a) claims for lack of subject matter jurisdiction. *See, e.g.*, *Garner*, 2022 WL 1085210, at *4 (severing and remanding Section 15(a) claim); *Hogan*, 2022 WL 952763, at *8 (same); *King*, 2021 WL 5006692, at *4 (same); *Kislov*, 2021 WL 4711741, at *5 (N.D. Ill. Oct. 8, 2021) (same); *Colon*, 2021 WL 492870, at *5 (same).

Notably, Plaintiff's lack of standing to bring her Section 15(a) claims in *this* Court does not preclude Plaintiff from proceeding in Illinois state court, where this action was initially filed.

7

Indeed, the Illinois Supreme Court has held that Illinois courts are "not required to follow federal law on issues of standing, and ha[ve] expressly rejected federal principles of standing." *Lebron v. Gottlieb Mem'l Hosp.*, 930 N.E.2d 895, 917 n.4 (Ill. 2010); *Greer v. Ill Hous. Dev. Auth.*, 524 N.E.2d 561, 574 ("[T]o the extent that the State law of standing varies from Federal law, it tends to vary in the direction of greater liberality"); *see also Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1248–49 (7th Cir. 2021) (plaintiffs "may take advantage of the fact that Illinois permits BIPA cases that allege bare statutory violations, without any further need to allege or show injury").

Accordingly, this Court should sever and remand Plaintiff's Section 15(a) claims to the Illinois state court with the jurisdiction to adjudicate them: the Circuit Court of Court County.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff Jenora Kyles respectfully requests that the Court enter an Order: (i) remanding Plaintiff's claims under 740 ILCS 14/15(a) to the Circuit Court of Cook County, Illinois; and (ii) for such other and further relief the Court deems reasonable and just.

Dated: May 6, 2022

Respectfully submitted,

JENORA KYLES, individually and on behalf of similarly situated individuals

By:   /s/ Timothy P. Kingsbury
*One of Plaintiff's Attorneys*

Timothy P. Kingsbury
Jordan R. Frysinger
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
jfrysinger@mcgpc.com

*Counsel for Plaintiff and the Putative Class*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on May 6, 2022, I caused the foregoing *Plaintiff's Motion to Remand* to be electronically filed with the Clerk of the Court using the CM/ECF system. A copy of said document will be electronically transmitted to all counsel of record.

/s/ Timothy P. Kingsbury